SOULE *vs.* THE NEW YORK AND NEW HAVEN RAILROAD COMPANY.

Under the eighty-third section of the act relating to civil actions, (Rev. Stat. tit. 1 c. 6, § 33,) an action may be brought by an administrator, for an injury to his intestate, which resulted in death.

THIS was an action on the case, brought by Augustus Soule, administrator on the estate of James H. Gray, deceased, against the New York and New Haven railroad company.

The part of the declaration material in the present case was as follows : "the defendants so carelessly, unskilfully, and negligently behaved, and conducted themselves in the premises, that while the train, with the said Gray therein, was passing and being propelled upon, over and along, the defendants' said road, viz.: on the said 6th day of May, in the town of Norwalk, a part of said train, with the said Gray therein, was with great force and violence, precipitated and plunged into a certain stream there situated, called and

known by the name of Norwalk river, and immersed and covered in, and by the waters thereof, and so with the said Gray therein, for a long time, viz.: two hours and more next thereafter, continued immersed and covered, by means of all which the said Gray was greatly wounded, bruised and injured, and suffered great pain and anguish both of body and mind, and then and there died and lost his life, to his great damage, viz.: to the amount of thirty thousand dollars, and no part of which the said defendants ever paid to the said Gray, in his life time, and that by reason of the matters aforesaid, and by virtue of the statute in such case made and provided, an action for the recovery thereof, hath survived to the plaintiff, as administrator as aforesaid, &c."*

The defendants demurred generally to the declaration, and at the term of the superior court, holden in December, 1855, the questions arising thereon were reserved for the advice of this court.

*Baldwin* and *Chapman* in support of the demurrer.

*Hungerford & Cone*, contra.

ELLSWORTH, J. On the 6th of May, 1853, James H. Gray, of Springfield, took passage at New York, on board the defendants' cars for New Haven. At Norwalk, in the course of the passage, by reason of the cars being precipitated through a draw bridge, owing to the negligence of the defendants' agents, Mr. Gray lost his life, and to recover damages for this loss, the plaintiff, as administrator, brings

his action, on the case.   The demurrer to the declaration presents to us this preliminary question : can the plaintiff, as representative of Mr. Gray, maintain this action ?    At common law, it is agreed that the action would not lie, and hence the plaintiff seeks to recover upon the statute of 1848, § 82, p. 78, which is in these words :  " Actions for injury to the person, whether the same do, or do not, result in death, actions for injury to the reputation, actions for injury to the property, real or personal, and actions to recover damages for injury to the person of the wife, child, or servant of any deceased person, shall survive to his executor or administrator, provided," &c.

It is said that this statute does not reach the present case ; for the statute speaks of actions surviving, and here is nothing but a cause of action to survive.   This is too rigid a construction of this remedial statute, and we are confident the legislature intended, by this section, to declare that the death of the person injured should not prevent the bringing an action, by his legal representative, and not that an action already begun should be continued ; such a provision would be unnecessary, as the remedy had been already received by the preceding section, 82d p.

The next objection is as little doubtful as the first.   There was an injury, suffered by Mr. Gray while in life, even allowing his personal sufferings and personal loss to be the ground and measure of recovery, as to which we make no decision ; certainly his sufferings and the duration of them are appreciable, and though probably short, were intense beyond conception, and this is enough to maintain this action.

We advise that the demurrer be overruled.

In this opinion, the other Judges, STORRS and HINMAN, concurred.

Declaration sufficient.