## Scott v. Hogan et al.

1. **Negligence**: SERVICE OF STALLION: OPINION OF WITNESS. In an action for the value of a mare alleged to have been so injured in breeding her to defendant's horse as to cause her death, the evidence of the groom who attended the horse at the time, that he exercised "good caution," was properly stricken out as being the mere expression of an opinion.

2. ——: ——: WAIVER BY NOTE SUBSEQUENTLY GIVEN. Where in such case the plaintiff, after the injury, gave his promissory note for the service of the horse, and it contained the words: "All accidents, escapes, etc., at the owner's risk," *held* that the note was rightly excluded as evidence because (1) it was executed after the injury, and (2) it was at most a contract against accidents, and not against negligence.

3. ——: ——: PLEADING: MORE SPECIFIC STATEMENT. In such case the petition stated that the mare was injured by defendant's negligence in breeding, so that she died. *Held* sufficient as against a motion for a more specific statement as to the manner of the negligence and the manner and extent of the injury.

4. ——: ——: INSTRUCTION: DEGREE OF CARE. In such case an instruction, in effect, that the degree of care to be exercised by defendant was proportioned to the degree of danger, was warranted by evidence that the mare showed a disposition to fight and kick, thus increasing the danger.

*Appeal from Lyon District Court.*

FRIDAY, OCTOBER 14.

ACTION to recover the value of a mare, alleged to have been so injured through negligence in breeding her to defendant's horse, as to cause her death. There was a judgment upon a verdict for plaintiff. Defendants appeal.

*E. Y. Greenleaf*, for appellants.

*J. M. Parsons*, for appellee.

BECK, J.—I. The groom who attended to the horse when serving plaintiff's mare was asked if he exercised "good caution" in the business. He replied that he did. The evidence, upon motion of plaintiff, was rightly stricken out. It expresses the witness' judgment or opinion that he exercised "good caution." This was not competent. He should have stated what he did; the jury determining whether it constituted proper care or "good caution."

*1. NEGLIGENCE: service of stallion: opinion of witness.*

II. After the injury, plaintiff gave to defendant his promissory note for the services of the horse. It contained these words: "All accidents, escapes, etc., at owner's risk." The note was offered in evidence, and rightly rejected, upon plaintiff's objection, for two reasons: (1) The note was executed after the injury. If a contract releasing defendants from liability, it did not apply to the accident, for the reason that it had not been entered into at the time. (2) If it be applicable, it is a contract against accidents, not against injuries resulting from negligence.

*2. ——: ——: waiver by note subsequently given.*

III. A motion by defendant for a more specific statement in the petition was overruled. It required such statement in order to show, *first*, how and in what manner defendants were negligent; *second*, how, and in what manner, and to what extent, the mare was injured. We think the petition is sufficiently explicit. It alleges negligence in breeding the mare. It was not necessary to state the particular acts and omissions of the defendants. It also alleges that the mare was injured by the negligent breeding, so that she died. It was not necessary to state particularly the things done or omitted. The extent of the injury is shown by the allegation that it caused the mare's death.

*3. ——: ——: pleading: more specific statement.*

IV. The district court instructed the jury, in effect, that the degree of care to be exercised by defendants was proportioned to the degree of danger. It is not claimed that the instruction is abstractly incorrect, but it is insisted that there was no evidence to which it was applicable. But, in our opinion, the evidence shows

*4. ——: ——: instructions: degree of care.*

that, on account of the disposition exhibited by the mare to fight and kick, the danger was largely increased, and demanded corresponding care.

V. It is urged that the evidence fails to show negligence on the part of the defendants. We think otherwise. The jury could have found negligence in so holding or confining the mare as to prevent sufficient freedom of motion of her body in permitting the service when the mare exhibited a disposition to resist, and in some other particulars. We think that it cannot be said that the evidence fails to show negligence.

No other questions are presented in argument. The judgment of the district court is AFFIRMED.