S. D. WARFIELD, *et al.*, AS RECEIVER SEABOARD AIR LINE RAILWAY COMPANY, *Plaintiffs in Error*, v. AMELIA HEPBURN AND O. M. HEPBURN, HER HUSBAND, *Defendants in Error*.

1. A declaration should contain sufficient allegations of all the facts that are necessary to state a cause of action. As a general rule, only ultimate facts need be alleged.

2. Where the facts are, or reasonably should be, within the knowledge of the plaintiff, the declaration should contain sufficient statements of facts to apprise the defendant of the particular acts or circumstances upon which the action is based, in order that there may be no embarrassment in preparing a defense.

3. In actions for negligent injuries it may be necessary to allege only the relation between the parties out of which the duty to avoid negligence arises, and the act or omission that proximately caused the injury, coupled with a statement that such act or omission was negligently done or omitted.

4. In an action by a passenger for injuries received by the operation of a railroad train, it is in general sufficient to allege ultimate facts showing that the relation of passenger and carrier existed, and that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

5. Allegations that the carrier "so negligently and carelessly operated said train, and so negligently and carelessly failed to take the necessary precaution looking to the safety of said train and its occupants that the said car in which said plaintiff was riding, by and through the negligence of the defendant was derailed, causing the same to be suddenly and violently stopped, from the effects of which the said Amelia Hepburn was," injured as stated, are sufficient statements of ultimate facts to show negligence of the defendants in the operation of its train and injury to the plaintiff proximately

resulting from a particular fact stated viz: the derailing and sudden, violent stopping of the car caused by the negligence alleged.

6. Alltgations that the plaintiff was a passenger and was riding on defendant's train "as a passenger—and seated in the car assigned to her as a passenger," are of ultimate facts that on demurrer are sufficient to show the relation of passenger and carrier.

7. When the plaintiff sufficiently alleges and proves substantially as alleged, the fact of a personal injury or a property loss caused by the running of a train of the defendant railroad company and also the ultimate fact that actually caused the injury or loss, the statute raises a presumption of negligence against the company, and its liability in damages will then be shown, "unless the company shall make it appear that its employees exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

8. Whether contributory negligence is a bar to an action for a merely negligent injury as at common law, or operates under the statute to diminish the amount of damages recoverable in actions against railroad companies "for any damage done to persons or—property by the running of" the company's trains, such contributory negligence is an affirmative defense, and to be available either as a bar to the action or to diminish the recovery, it shall be pleaded and proved by the defendant, unless the plaintiff permits it to be shown without objection under other pleas, or unless contributory negligence appears in the case made by the plaintiff.

9. Where *liability appears*, compensatory damages may be recovered upon proper allegations and proofs for property losses and personal injuries that result proximately from the negligence.

10. Damages for such losses and injuries as naturally and ordinarily result proximately from the injury received or loss sustained as alleged may generally be shown in evidence under a general claim for damages, because the defendant is

held to notice of the natural and ordinary results of its negligent acts.

11. When liability in damages for negligence is shown, the burden of distinctly proving by a preponderance of the evidence the character or nature of the personal injuries sustained or of the property rights injured or destroyed, within the sufficient allegations of the declaration, is upon the plaintiff as at common law.

12. The compensatory damages that are recoverable for personal injuries are such only as proximately result from the negligence alleged.

13. Every award of damages should be reasonable and just to both the plaintiff and the defendant under the facts properly alleged and shown in evidence.

14. Where the amount of damages found by a referee is in accordance with the issues made, and is not manifestly unreasonable or unjust in view of the entire legal evidence, the judgment will not be disturbed by the appellate court for excessiveness in amount.

WHITFIELD, C. J. and TAYLOR, J. are of opinion that the judgment is excessive in amount.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

P. O. KNIGHT, *for Plaintiffs in Error;*

*Hilton S. Hampton* and *D. A. DeVane,* for Defendants in Error.

WHITFIELD, C. J.—The part of the declaration that is material here is as follows: "The plaintiff, Amelia Hepburn, was a passenger on a train operated by said defendants, their servants, agents and employees bound from the City of Jacksonville [to the City of Tampa], and on said date while plaintiff was riding as a passenger aforesaid and seated in the car assigned to her as a passenger, the defendants by their servants and employees disregarding their duty to the said plaintiff as a passenger so negligently and carelessly operated said train, and so negligently and carelessly failed to take the necessary precaution looking to the safety of said train and its occupants that the said car in which said plaintiff was riding by and through the negligence of the defendants was derailed, causing the same to be suddenly and violently stopped, from the effects of which the said Amelia Hepburn was violently thrown from her seat, her body striking a portion of the car, from the effects of which plaintiff suffered grievous injury to her right hip, leg and back, and from thence until the present time has suffered excruciating pain, being confined to her bed for a period of several weeks, and suffering great shock to her nervous system, the latter injury plaintiff avers being permanent, and has in addition been compelled to expend a large sum of money for physician services, nursing and medicines in an effort to rid herself of the said injury without avail, and is debarred and prevented by said injury from attending to her household or social duties."

A demurrer to the declaration upon grounds that only conclusions of law were alleged as to the plaintiff being a passenger and as to the negligence of the defendants being the proximate cause of the injury complained of, was overruled. The defendant pleaded not guilty and a judgment for $4,000.00 in favor of the plaintiff Amelia

Hepburn was rendered by a referee, to which judgment a writ of error was taken.

A declaration should contain sufficient allegations of all the facts that are necessary to state a cause of action. The facts that are essential in stating a cause of action depend upon the circumstances of each case. Allegations of conclusions of law unsupported by appropriate statements of facts will not suffice. As a general rule, only ultimate facts need be alleged; but what are the ultimate facts depends upon varying conditions. Where the facts are, or reasonably should be, within the knowledge of the plaintiff, the declaration should contain sufficient statements of facts to apprise the defendant of the particular acts or circumstances upon which the action is based, in order that there may be no embarrassment in preparing a defense. If the particular facts or circumstances upon which the ultimate facts constituting the cause of action depend, are peculiarly within the knowledge of the defendant, only the necessary ultimate facts need be alleged by the plaintiff.

In actions for negligent injuries it is in general not necessary to state in detail the facts, conditions or circumstances that constitute the negligent act or omission complained of. If there are sufficient allegations of the relation between the parties out of which the duty to avoid negligence arises, and of the act or omission that proximately caused the injury, coupled with a statement that such act or omission was negligently done or omitted, it may be sufficient.

In an action by a passenger for injuries received by the operation of a railroad train, it is in general sufficient to allege ultimate facts showing that the relation of passenger and carrier existed, and that the defendant negligently did or omitted the act or acts that proximately

caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being duly alleged so that a definite issue may be presented for trial.

Ordinarily the particular facts constituting a comprehensive negligent act of the carrier are not within the knowledge of the passenger, and they are or should be within the knowledge of the carrier.

A bare allegation that the plaintiff was injured because of the negligent operation of the train by the defendants or its employees, may be insufficient because too general and indefinite, since the fact that actually caused the injury would not appear.

On the other hand, where the specific facts or circumstances that constitute the alleged negligence are stated with unnecessary particularity, the proofs must correspond without substantial variance.

Even in cases when the statute affords a presumption of negligence against a defendant railroad company, if it is shown that the injury was not caused by the material detailed facts or acts of negligence substantially as alleged, the action may fail, for there can be no recovery upon a cause of action however meritorious or well proven, if it is substantially different from the cause of action alleged.

The allegations of a declaration in an action for a negligent injury may be sufficiently definite and particular if they show in a general way the negligence of the defendant that proximately resulted *in a stated* ultimate or particular fact which actually caused the injury.

This latter rule is particularly applicable where the specific facts or circumstances that constitute the negligence alleged are, or reasonably should be, better known to the defendant.

The allegations that the carrier "so negligently and

carelessly operated said train, and so negligently and carelessly failed to take the necessary precaution looking to the safety of said train and its occupants that the said car in which said plaintiff was riding, by and through the negligence of the defendant was derailed, causing the same to be suddenly and violently stopped, from the effects of which the said Amelia Hepburn was" injured as stated, are sufficient statements of ultimate facts to show negligence of the defendants in the operation of its train and injury to the plaintiff proximately resulting from a particular fact stated, viz: the derailing and sudden, violent stopping of the car caused by the negligence alleged.

The particular facts and circumstances that caused or resulted in the alleged negligent operation of the train whereby the car was derailed, causing it to suddenly stop and injure the plaintiff as alleged, are or reasonably should be peculiarly within the knowledge of the defendant carrier, whose duty it is to so operate its trains as to safely transport its passengers. If a more exacting rule of pleading were enforced, it would result in hardship, if not in a denial of justice to those who are lawfully on a train and have no part in its operation. No undue burden is thereby put upon the carrier since in reason it should know why its trains are so operated as to cause injury to passengers it engages to exercise the highest degree of care in transporting.

It is alleged that the plaintiff was a passenger and was riding on defendant's train "as a passenger and seated in the car assigned to her as a passenger." These allegations of ultimate facts admitted by the demurrer are sufficient to show the relation of passenger and carrier, the payment of fare being reasonably presumed even if that be necessary to give the plaintiff a right of action,

in view of the legal duty of the carrier towards those lawfully on its passenger car. The demurrer to the declaration was properly overruled.

Section 3148 of the General Statutes of 1906, which is Section one of Chapter 4071, Acts of 1891, defines the liabilities of railroad companies "for damage done to persons," other than employees and to property by the running of trains, and provides a method of proving *the liability*. But the statute does not relate to the manner of alleging or proving the nature and extent of the personal injuries received, or the character and value of the property rights injured or destroyed for which compensatory damages are recoverable. When the plaintiff sufficiently alleges and proves substantially as alleged, the fact of a personal injury or a property loss caused by the running of a train of the defendant railroad company and also the ultimate fact that actually caused the injury or loss, the statute raises a presumption of negligence against the company, and its liability in damages will then be shown, "unless the company shall make it appear that its employees exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

Whether contributory negligence is a bar to an action for a merely negligent injury as at common law, or operates under the statute to diminish the amount of damages recoverable in actions against railroad companies "for any damage done to persons or  *  *  property by the running of" the company's trains, such contributory negligence is an affirmative defense, and to be available either as a bar to the action or to diminish the recovery, it should be pleaded and proved by the defendant, unless the plaintiff permits it to be shown without objection under other pleas, or unless contributory negligence appears in the

case made by the plaintiff. Where *liability appears,* compensatory damages may be recovered upon proper allegations and proofs for property losses and personal injuries that result proximately from the negligence. Damages for such losses and injuries as naturally and ordinarily result proximately from the injury received or loss sustained as alleged may generally be shown in evidence under a general claim for damages, because the defendant is held to notice of the natural and ordinary results of its negligent acts. But damages for such special losses or injuries as do not naturally and ordinarily result from the negligent injury alleges, should be shown in evidence over objection only when the defendant is advised of them by specific allegations in the declaration.

When liability in damages for negligence is shown, the burden of distinctly proving by a preponderance of the evidence the character or nature of the personal injuries sustained or of the property rights injured or destroyed, within the sufficient allegations of the declaration, is upon the plaintiff as at common law. Compensatory damages may be recovered for property losses actually sustained as a proximate result of the defendant's negligence as alleged where such losses are properly pleaded and proven, and are capable of reasonably accurate and certain ascertainment in amount from reliable data. Remote, speculative and conjectural damages are not allowed. The compensatory damages that are recoverable for personal injuries are such only as proximately result from the negligence alleged. They are to be ascertained by a fair consideration of all the pertinent facts and circumstances affecting both parties and properly in evidence under the pleadings. In such consideration the processes and standards of reasoning and computation that are afforded by law or, if the law provides none, then

by common experience and the dictates of right and justice should be applied.

Every award of damages should be reasonable and just to both the plaintiff and the defendant under the facts properly alleged and shown in evidence. Where the amount of damages found by a referee is in accordance with the issues made, and is not manifestly unreasonable or unjust in view of the entire legal evidence, the judgment will not be disturbed by the appellate court for excessiveness in amount.

The members of the court, except the writer, are of opinion that the finding of the referee in awarding $4,000.00 damages is sustained by the evidence, therefore the judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.