E. J. TRIAY, AS RECEIVER OF THE JACKSONVILLE TRACTION COMPANY, A CORPORATION, *Plantiff in Error*, v. TERRELL SEALS, ALBERT SEALS, WALLACE SEALS AND GELON SEALS, MINORS, SUING BY THEIR NEXT FRIEND, T. L. GRAY, *Defendants in Error*.

Division B.

Opinion Filed July 21, 1923.

1. The test of the sufficiency of a declaration is whether or not it alleges distinctly every fact essential to the plaintiff's right of action, such facts to be characterized by certainty, clearness and conciseness, that the material issue or issues may be determined quickly and with certainty and that the defendant may be apprised of the charge or charges against him with that degree of clearness and definiteness as will enable him to prepare his defense properly.

2. The rule is well nigh universal, that in an action for negligence. the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading the evidence. Accordingly, a declaration specifying the act the commission or omission of which caused the in-

jury and averring generally that it was negligently and care-lessly done or omitted will suffice.

3. Plaintiff's right of recovery is confined to the cause of action stated in his declaration and if he fails on the grounds so stated he cannot be permitted to prove and recover on any ground not stated or alleged.

4. In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for new trial which is based upon the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury ought to have done or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed.

5. A minor child's claim for damages for the death of its father by the wrongful act of another under our law is based on these elements as qualified: (1) The loss of support which the father is in duty bound to give his child during its minority, based on the evidence of his probable future earnings and other acquisitions, such earnings and acquisitions to be estimated upon the basis of the father's earnings in his past, his age, health, business capacity, habits, experience and energy, and his present and future prospects for business success at the time of his death; and (2) the loss of attention, care, comfort, companionship, protection, education and moral training of the father which might reasonably have been anticipated in the light of the evidence relating to the character and conduct of the father as such. These elements to be based on the probable life of the father. The sum total of all these elements to be reduced to a money value and its present worth to be given as damages. Within these limits the jury exercises a reasonable discretion as to the amount to be awarded based upon the facts in evidence and the knowledge and experience possessed by them in relation to matters of common knowledge and information.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Affirmed.

*John L. Doggett,* Attorney for Plaintiff in Error.

*Stafford Caldwell* and *McCollum & Howell,* Attorneys for Defendant in Error.

TERRELL, J.—Terrell Seals, Albert Seals, Wallace Seals and Gelon Seals, minors, by their next friend, Mrs. T. L. Gray, sued E. J. Triay, as Receiver of the Jacksonville Traction Company, a corporation, for the wrongful death of their father, the late W. L. Seals. The material part of the declaration is a general allegation of negligence, and is in one count, alleging damages in the sum of fifty thousand dollars. There was a demurrer and motion for compulsory amendment to the declaration, but the demurrer was overruled and the motion for compulsory amendment was denied. The plea of not guilty was entered and the cause was tried on the issue so made without the plea of contributory negligence, resulting in a verdict and judgment in favor of the plaintiffs for eight thousand, five hundred dollars. Motion for directed verdict in favor of defendant and for new trial were denied and writ of error was taken to the judgment.

The first assignment of error is directed to the denial of the motion for compulsory amendment.

That part of the declaration to which the motion for compulsory amendment was directed is as follows:

"That on, to-wit, the 11th day of November, A .D. 1922, the defendant, by its servant, agent and employe, did so negligently and carelessly run and operate one of the street cars then and there being operated by said street railway

system on Riverside Avenue, a public street of said city, that said street car was run and propelled violently and forcibly upon, into and against one W. L. Seals, and said W. L. Seals was then and there and thereby thrown and knocked to the pavement and was then and there and thereby, by such violent contact of said street car and such throwing to the pavement, so injured, wounded, bruised and fractured that he afterwads, on, to-wit, the 17th day of November, A. D. 1922, did die.''

The motion for compulsory amendment alleges that the declaration so quoted fails to allege wherein or whereby the defendant was negligent, that said declaration is so indefinite and uncertain as to any act or acts of negligence, that it fails to inform defendant of what wrongful act plaintiffs rely on for recovery; that said declaration is so indefinite and lacking in any specific act or acts of negligence that defendant cannot prepare a proper defense thereto, and that the alleged wrongful act or acts of defendant are charged in such general terms as to hinder, delay and embarrass the fair trial of said cause.

In Warner et al. v. Gooding, decided last term, this court said that the test of the sufficiency of a declaration is whether or not it alleges distinctly every fact essential to the plaintiffs right of action, such facts to be characterized by certainty, clearness and conciseness, that the material issue or issues may be determined quickly and with certainty and that the defendant may be apprised of the charge or charges against him with that degree of clearness and definiteness as will enable him to prepare his defense properly. Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367; Royal Phosphate Co. v. VanNess, 53 Fla. 135, 43 South. Rep. 916; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 42 South. Rep. 1024; Sovereign Camp of W. O. W. v. McDonald, 76 Fla. 599, 80 South. Rep. 566;

Florida East Coast Railway Co. v. Knowles, 68 Fla. 400, 67 South. Rep. 122; Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13.

This rule is further supported in Morris v. Florida Cent. &. P. R. R. Co., 43 Fla. 10, 29 South. Rep. 541. Count two of the declaration therein quoted at page 13 being very similar to the declaration here was discussed at page 28 of that opinion and held by this court to conform to the prescribed form set out in Chitty on Pleading (16th Am. Ed.) 576. See also Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

In Volume 14, Encyclopedia of Pleading and Practice, at page 333, it is said that the rule is well-nigh universal, that in an action for negligence, the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading the evidence. Accordingly, a declaration specifying the act the commission or omission of which caused the injury and averring generally that it was negligently and carelessly done or omitted will suffice. Leach v. Bush, 57 Ala. 145; Mobile & M. Ry. Co. v. Crenshaw, 65 Ala. 566; Bunnell v. Berlin Iron Bridge Co., 66 Conn. 24; Duffy v. Howard, 77 Ind. 182; Hammond & Co. v. Schweitzer, 112 Ind. 246, 13 N. E. Rep. 869; Scott v. Hogan, 72 Iowa 614, 34 N. W. Rep. 444; Benjamin v. Holyoke St. Ry. Co. 160 Mass. 3, 35 N. E. Rep. 95; Lucas v. Wattles, 49 Mich. 380, 13 N. W. Rep. 782; Pope v. Kansas City Cable Ry. Co., 99 Mo. 400, 12 S. W. Rep. 891; San Antonio St. Ry. Co. v. Muth, 7 Tex. Civ. App. 443, 27 S. W. Rep. 752; Snyder v. Wheeling Electrical Co., 43 W. Va. 661, 28 S. E. Rep. 733; Young v. Lynch, 66 Wis. 514, 29 N. W. Rep. 224; East Tenn. Coal Co. v. Daniel, 100 Tenn. 65, 42 S. W. Rep. 1062, and many others.

It is also well settled that plaintiffs right of recovery is confined to the cause of action stated in his declaration and if he fails on the grounds so stated he cannot be permitted

to prove and recover on any ground not stated or alleged. Louisville & N. R. Co. v. Guyton, 47 Fla. 188, 36 South. Rep. 84; Hollingsworth v. Norris, 77 Fla. 498, 81 South. Rep. 782.

Plaintiff in error has devoted much space in his brief to a discussion of this assignment. We have weighed his analysis carefully, but our conclusion is that the declaration conforms to the approved rules of pleading in actions of this kind and it is therefore not vulnerable to the assault made on it.

The only other questions necessary to be considered here are whether or not the negligence of W. L. Seals or the negligence of the motorman of the street car was responsible for his (Seals) death, and whether or not the damages awarded by the jury were excessive.

The record here discloses that the unfortunate accident in which the deceased met his death occurred November 11th, 1922, between twelve-thirty and one o'clock in the day on Riverside avenue near its intersection with Stonewall Street in the City of Jacksonville, Florida. It was a holiday and traffic was very heavy. Seals died November 17th, 1922, in a hospital as a result of injuries received in the accident without having regained consciousness.

As to the foregoing facts there is no material variation in the evidence, but as to the speed of the street car at the time of the accident, whether or not the motorman sounded his gong and in other respects under existing circumstances exercised such care as the law requires to avoid the accident, whether or not the deceased was intoxicated or under the influence of intoxicants and projected himself headlong in front of the moving car without exercising proper precaution for the protection of his life, and in fact on every other point material to the issues raised, the evidence is about as conflicting as it is possible for it to be. Close scrutiny of the testimony evidences that it is not only in

irreconcilable conflict, but on the record it is impossible to harmonize much of it with practical experience. Good men and true gave testimony on both sides of every material issue presented, and the jury whose duty it was resolved all conflicts in favor of the plaintiffs. There is ample showing in the record for reasonable men to have reached the conclusions they did, and we must therefore conclude that the plaintiff in error failed to make it appear that his agents exercised all ordinary and reasonable care and diligence in the control of his street car at the time of the accident as he is in such cases required by law to do. Section 4964, Revised Gen. Stats. of Fla., 1920.

We will now address our remarks to the question of whether or not the verdict and judgment were excessive. The verdict and judgment were rendered pursuant to Section 4961, Revised General Statutes of Florida, the pertinent part of which is as follows:

"Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children; then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. * * * And in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed."

It is contended by the defendant that if any liability is proven it is pecuniary only and is limited under the law to the amount that W. L. Seals would have contributed to the support of the plaintiffs during their minority. It is

admitted by the defendant that this amount by the showing made in the record would be approximately seven dollars and fifty cents per week for each plaintiff and that said amount for all four plaintiffs, for the period of their minority, reduced to its present cash value, would aggregate seven thousand fifteen dollars and seventy-five cents, which, under this view of the case, should have been the amount of the verdict.

We do not think damages in a case like this is restricted merely to the amount the father would contribute in money to the support of his minor children. Inspection of our statute discloses that it directs that the "jury shall give *such damages* as the party or parties entitled to sue *may have sustained* by reason of the death of the party killed." In the case at bar the party killed was the father of four minor children and was contributing all his income, which was from thirty-five to forty dollars per week, to his and their support. The record shows the deceased to have been a man of industry and possessed of some other good traits. He was fifty-four years of age, but was not a man of means, education or enviable social position. His estimate and appreciation of what we may choose to term the higher values of life was no doubt meager, but such as he had and could impart was plaintiffs to imbibe, and to hold that "such damages" as they "may have sustained" as a result of his death was limited to bread and butter and raiment would be an unreasonable restriction of the scope of the statute.

A minor child's claim for damages for the death of its father by the wrongful act of another under our law is based on these elements as qualified: (1). The loss of support which the father is in duty bound to give his child during its minority, based on the evidence of his probable future earnings and other acquisitions, such earnings and

acquisitions to be estimated upon the basis of father's earnings in the past, his age, health, business capacity, habits, experience and energy, and his present and future prospects for business success at the time of his death; and (2) the loss of attention, care, comfort, companionship, protection, education and moral training of the father which might reasonably have been anticipated in the light of the evidence relating to the character and conduct of the father as such. The sum total of all these elements to be reduced to a money value and its present worth to be given as damages. Within these limits the jury exercises a reasonable discretion as to the amount to be awarded, based upon the facts in evidence and the knowledge and experience possessed by them in relation to matters of common knowledge and information.

This holding is supported by the decisions of this court construing the same statute in cases where the widow was claiming damages for the wrongful death of the husband Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338; Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South Rep. 270; Southern Utilities Co. v. Davis, 83, Fla. 366, 92 South. Rep. 683; Rosari Dina v. Seaboard Air Line Ry. decided at the last term.

In St. Louis, Iron Mountain & Southern Ry. Co. v. Haist, 71 Ark. 258, 72 S. W. Rep. 893, 100 Am. St. Rep. 65, it was held that a minor in a suit for the death of her father, is entitled to recover for the care, support and maintenance, and such advantages and benefits in the way of training and education, both morally and intellectually, as she would have received from him if his death had not occurred.

In St. Louis & N. A. Ry. Co. v. Mathis, 76 Ark. 184, 91 S. W. Rep. 783, 113 Am. St. Rep. 83, it was held in an action by minor children for the death of their father, the industry, commercial character and parental care and

affection of the deceased may be taken into consideration in estimating the damages.

In Matthews v. Warner, 29 Gratt. (Va.) 570, 26 Am. Rep. 396, and Baltimore & Ohio Railroad Co. v. Noell, 32 Gratt. (Va.) 394, the Supreme Court of Virginia construing their statute, which like the Arkansas statute is similar to ours, said that the jury were not confined to mere pecuniary damages, but may award such damages as it may deem to be fair and just under all the circumstances of the case.

The view thus announced is also supported by the following decisions: Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876; St. Louis & S. F. R. Co. v. Moore, 101 Miss. 768, 58 South. Rep. 471; 8 R. C. L. 825; 6 Thompson on Negligence, 7074; Michigan Cent. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192; Beeson v. Green Mountain Gold Mining Co., 57 Cal. 20; City of Atchinson v. Twine, 9 Kan. 350; Goodsell v. Hartford & N. H. R. Co., 33 Conn. 51; Soule v. New York & N. H. R. R. Co., 24 Conn. 575; 67 Thompson on Negligence, 7084; Anthony Ittner Brick Co. Ashby, 198 Ill. 562, 64 N. E. Rep. 1109; Board of Comm'rs. v. Legg, 93 Ind. 523, 47 Am. Rep. 390; Stoher v. St. Louis, I. M. & S. Ry. Co., 91 Mo. 509, 4 S. W. Rep. 389; Tilley v. Hudson River R. R. Co., 29 N. Y. 252, 86 Am. Dec. 297; St. Louis Southwestern R. Co. of Texas v. Bowles, 32 Tex. Civ. App. 118, 72 S. W. Rep. 451; Hoadley v. International Paper Co., 72 Vt. 79, 47 Atl. Rep. 169; Searle v. Kanawha & O. Ry. Co., 32 W. Va. 370, 9 S. E. Rep. 248.

An action for damages did not survive the death of the party injured at the common law. Recovery of damages for the negligent or wrongful killing of a human being was first provided by the English Statute better known as Lord Campbell's Act (9 and 10 Victoria, passed in 1846), which, among other things, provided that "the jury may give such

damages as they may think proportioned to the injury resulting from such death to the parties respectively for whose benefit such action shall be brought.'' Statutes of the same import though varying widely in their mechanics have been passed in most of our states.

These statutes have been collated in the 1886 (1st) edition of Thomson on Negligence, Co. 2, page 1294. Lord Campbells' Act is discussed on page 1275 of same volume. The subject matter is also fully discussed in the 1905 (2nd) edition of Thompson on Negligence, Vol. 6, beginning at page 126.

Under Lord Campbell's Act, and under most of the State Acts modeled from it, it has been generally held that the principle under which damages are to be assessed is that of pecuniary injury and not by way of solatium. The leading case on this subject being Blake v. Midland Ry. Co., 18 Q. B. 93, S. C. 21 L. J. (Q. B.) 233. See also Par. 7082, Vol. 6 Thompson on Negligence (2nd ed.) citing many American cases applying the like rule. In many jurisdictions this rule has been lately relaxed; and in determining what damages are recoverable in actions of this kind we must now look solely to the applicable statute as our guide to determine the limit of the right.

Our statute (Section 4961, Rev. Gen. Stats. of Fla. 1920) is in some respects different from any we have examined.

In Dina v. Seaboard Air Line Ry. Co., *supra,* and other cases here cited, the old rule was relaxed in construing it as to the mother when suing for the wrongful death of the father. It is true that the elements enumerated in this opinion on which the child's claim for damages for the wrongful death of the father should be based cannot in most instances be said to have a money value, at the same time they are losses that the child ''may have sustained'' and under the restrictions so defined may properly be

considered by the jury in making up their verdict. Applying this rule, the verdict is amply supported by authority and by the evidence, and we find nothing to indicate that the jury was influenced by considerations outside the record.

The judgment of the Circuit Court of Duval County is therefore affirmed.

Affirmed.

ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, C. J., AND WHITFIELD, dissent in part.

BROWN, C. J.—I concur in the able opinion of Mr. Justice Terrell as to the law of this case, but I must dissent as to the facts. As I interpret this evidence, it shows practically without any conflict contributory negligence on the part of the deceased, while the amount of the verdict indicates that the jury did not take this factor into consideration. I conclude therefore that a substantial remittitur should be required as a condition precedent to an affirmance; else reversed for another trial.

STRUM, J., concurring:

In this case, there is what appears to me to be an irreconcilable conflict in the evidence both upon the question of the defendant's negligence and upon the contributory negligence of the deceased at the time of his injury. Although there seems to me to be credible evidence to support the view that the servants of the defendant, at the time the deceased was injured, exercised all ordinary and reasonable care and diligence, there is also credible evidence to the contrary upon every fact essential to plaintiff's recovery, if the jury believe the latter evidence, which apparently it did.

In such a situation the rule is:

11—Vol. 92.

"In passing upon an assignment questioning the correctness of the ruling of the trial court in denying a motion for new trial which is based upon the sufficiency of the evidence to sustain the verdict, the guiding principle for an appellate court is not what it may think the jury *ought* to have done or what such court may think it would have done had it been sitting as a jury in the case, but whether as reasonable men the jury could have found such verdict. If this question can be answered in the affirmative, the action of the trial court upon such motion should not be disturbed."

"The refusal of the trial court to grant a new trial for insufficiency of the evidence to sustain the verdict, or because the verdict is contrary to the evidence, will not be reversed unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the appellate court that it is wrong and unjust." Wilson v. Jernigan, 57 Fla. 277; 49 South. Rep. 44; see also Jacksonville Electric Co. v. Cubbage, 58 Fla. 287; 51 South. Rep. 139.

Though there is striking conflict in the evidence, it is not so decided as to clearly and convincingly justify the view by an appellate court that the jury was influenced by considerations outside the evidence, or that the verdict is wrong or unjust.

If the evidence for the plaintiff is true, the verdict is not excessive.

WHITFIELD, J., dissenting in part:

Under the statutes an action for damages may be maintained by designated classes for the wrongful death of a person, provided the decedent could have maintained an action for the injury if death had not ensued; and if negligence of the decedent proximately contributed to the

injury, the recovery of damages will be reduced or barred according to the law applicable to the particular case. Sections 4960, 4961, 4965, Revised General Statutes of 1920. 41 Fla. 1; 138 U. S. 483, 17 C. J. 1242; 8 R. C. L. 779; 74 Fla. 307; 61 Fla. 424; 72 Fla. 161; 77 Fla. 150.

In an action for injuries caused by the operation of a railroad train or a street car it is sufficient to allege ultimate facts showing that the defendant negligently committed the act that proximately caused or contributed to causing the injury, the specific fact that actually caused the injury being duly stated so that a definite issue may be presented for trial. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618; Consumers' Electric Light & S. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797.

If a declaration does not state a cause of action it is subject to appropriate demurrer; and even though a declaration does state a cause of action and is consequently not subject to demurrer, yet under the statute if the declaration "be so framed as to prejudice or embarrass or delay the fair trial of the action," the defendant "may apply to the court to strike out or amend such pleading, and the court shall make such order respecting the same ﹡ as it shall see fit." Sec. 2630 Rev. Gen. Stats. 1920; Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13.

The granting or denial of a motion for the compulsory amendment of a pleading, based on Section 2630 of the Revised General Statutes of 1920, is a matter resting within the sound judicial discretion of the trial court, since such court must determine whether or not the pleading so sought to be reformed is "so framed as to prejudice or embarrass or delay the fair trial of the action," and the ruling of the trial court thereon will not be disturbed by an appellate court, unless it is plainly made to appear

that there has been an abuse of this judicial discretion. Seaboard Air Line R. Co. v. Scarborough, 52 Fla. 425, 42 South. Rep. 706; Sec. 2630, Rev. Gen. Stats. 1920; Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820; N. U. Tel. Co. v. Merritt, 55 Fla. 462, 46 South. Rep. 1024; Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13; Williams v. Peninsular Grovery Co., 73 Fla. 937, 75 South. Rep. 517.

The declaration herein alleges that the defendant did so negligently and carelessly run and operate its street car on a stated public street of the city, that said street car was run and propelled violently and forcibly upon, into and against the decedent who was then and there and thereby thrown and knocked into and against the decedent who was then and there and thereby thrown and knocked to the pavement and was then and there and thereby fatally injured. The ultimate fact that caused the injury, *viz.*, the running of the street car violently and forcibly upon the decedent is alleged and it is alleged that it was negligently and carelessly done. Such allegations are sufficient upon which to make a definite issue for trial and to advise the defendant of the particular negligent act complained of; and the allegations cannot justly be said to prejudice or embarrass a fair trial of the issue that is sufficiently stated in the declaration, therefore, no error was committed in denying the motion for compulsory amendment. It being alleged that the defendant did negligently and carelessly run its street car upon the decedent, thereby causing his death, it was not necessary to allege that the car was being operated at excessive speed, or that no signals of approach were given or that the brakes were not applied or were defective or other particular act or facts that entered into or constituted the ultimate negligent act or fact that is alleged to have proximately caused the injury. The particular

facts in the premises are or should be within the knowledge of the defendant street railway company, and it is not prejudiced or embarrassed in making its defense because the plaintiffs do not allege particular facts that are not essential *in stating* a cause of action and that are known to the defendant and not to the plaintiffs.

Where the facts are, or reasonably should be, within the knowledge of the plaintiff, the declaration should contain sufficient statements of facts to apprise the defendant of the particular acts or circumstances upon which the action is based, in order that there may be no embarassment in preparing a defense. If the particular facts or circumstances upon which the ultimate facts constituting the cause of action depend, are particularly within the knowledge of the defendant, only the necessary ultimate facts need be alleged by the plaintiff. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

The plaintiffs are required to allege a negligent injury by the running of the street car and to prove that the injury was caused by the running of the street car as alleged and the extent of the injury, whereupon a presumption of negligence arises under the statute and recovery follows unless the defendant proves that it exercised all ordinary and reasonable care and diligence to avoid the injury. Sec. 4964, Rev. Gen. Stats. 1920. When the presumption of negligence against the defendant railway company is overcome by evidence, the plaintiff then has the burden of proof in showing a right to recover.

If negligence of the injured party proximately contributed to the injury, such contributory negligence should be pleaded and proven by the defendant, unless such contributory negligence appear in the case made by the plaintiff or is without objection shown by the defendant though not pleaded, Warfield v. Hepburn, 62 Fla. 409, 57 South.

Rep. 618; Tampa & Gulf Coast R. Co. v. Lynch and Seaboard Air Line R. Co. v. Myrick, decided at the last term; and under the statute (Sec. 4965, Rev. Gen. Stats., 1920) where an injury is caused by the running of railway cars when contributory negligence is duly made to appear, it does not bar recovery as at common law, but the amount of the recovery should be such a portion of the entire damages sustained by the defendant's negligence bears to the combined negligence of both the party injured and the defendant in the premises, Seaboard Air Line Ry. v. Callan, 73 Fla. 688, 74 South. Rep. 799; or as the rule is otherwise stated under such a statute, where the casual negligence is attributable partly to the defendant railway company and partly to the injured person, the plaintiff shall not recover full damages but only such a diminished sum bearing the same relation to the full damages that the negligence attributable to the defendant bears to the negligence attributable to both; the purpose being to abrogate the common law rule completely exonerating the railway company from liability when the injured party was also negligent, and to substitute a new rule permitting recovery, but excluding from the recovery a proportional part of the total damages sustained corresponding to the injured party's contribution to the total negligence. Seaboard Air Line Ry. v. Tilgham, 237 U. S. 499, 35 Sup. Ct. Rep. 635; Norfolk W. R. Co. v. Earnest, 229 U. S. 114, 33 Sup. Ct. Rep. 654.

Negligence of the decedent clearly appears. Secs. 4960, 4965, Rev. Gen. Stats. 1920.