154

## WATERMAN MEMORIAL HOSPITAL ASSOCIATION, Inc. v. RIGDON.
### No. 3391.
Circuit Court, Lake County.

July 10, 1969.

Donald L. Gattis, Jr. of Maguire, Voorhis & Wells, Orlando, and Jefferson G. Ray, III of Gaylord & Ray, Eustis, for plaintiff.

S. Victor Tipton, Orlando, for defendant.

W. TROY HALL, Jr., Circuit Judge.

This cause came on before me to be heard upon the hospital's motion to dismiss Rigdon's counterclaim which alleges three separate acts of negligence on the part of the hospital. It is alleged that the hospital injected blood plasma into Rigdon after he warned them that this particular unit of plasma had a distinctively unpleasant odor and appeared to be "bad, poisonous, spoiled or diseased." Secondly, he alleges the hospital "negligently inserted and manipulated certain tubes and instruments into [his] body in such a negligent way as to cause severe bleeding." Lastly, he claims that the hospital performed certain tests in such a negligent manner that he was operated on for removal of gallstones when he did not have gallstones. Rigdon alleges in each instance that as a proximate result of the negligence alleged his health deteriorated.

The hospital moved to dismiss Rigdon's counterclaim on the ground that it failed to "set forth sufficient ultimate facts" to establish negligence and further failed to "set forth sufficient ultimate facts establishing proximate causation." The hospital argues that the counterclaim is based upon legal conclusions rather than "sufficient" ultimate facts.

Much of the time of this and other courts is consumed in hearing such procedural matters. This in large part results from the fact that professional customs and practices have a tendency to linger long after they are supposed to have been changed by duly promulgated rules, statutes or decisions. It may well be that under early common law pleading Rigdon's counterclaim would be insufficient. It may well be that early common law pleading rules had certain advantages over the rules of modern pleading. The fact remains, however, that the rules have changed, F.R.C.P. 1.110 (b) requires "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." The Black's Law Dictionary definition of "ultimate facts" includes the following —

"The logical conclusions deduced from certain primary evidentiary facts . . . Those facts found in that vaguely defined field lying between evidential facts on the one side and the primary issue or conclusion of law on the other . . . The final resulting effect reached by processes of legal reasoning from the evidentiary facts."

In the opinion of this court some words commonly used in pleadings — the words "negligently" and "proximate cause," for examples — may simultaneously constitute both legal conclusions and ultimate facts and it is no ground for objection to their use in one respect that they may also be used in the other. They, no doubt,

constitute conclusions of the pleader but every *ultimate* fact is a conclusion of the pleader.

The nature of this "vaguely defined field" is such that confusion may be, to a certain degree, inevitable. Perhaps the most helpful method of ascertaining the type of pleading required under present rules is to examine the forms which are appended to them. Sometimes a page of the concrete is worth more than a volume of abstract semantics. No set of forms could cover every situation but the forms were apparently intended to illustrate what is required. Each is obviously a "short and plain statement" and contains only a few sentences. Although there are no doubt a few exceptions,[1] we assume that generally speaking the forms show the general type of pleading required and that other types would be the exceptional cases — not vice versa.

The confusion in the "vaguely defined field" is not necessarily reduced by reference to Florida case law. On the subject of whether proximate cause may be alleged generally or must be spelled out in detail, for example, the decisions do not appear to have been consistent. In decisions rendered in 1962 and 1963, Rudisill v. Taxicabs of Tampa, Inc., 147 So.2d 180, and Romans v. Warm Mineral Springs, Inc., 155 So.2d 183, the Second District Court affirmed dismissals of negligence complaints on the grounds that proximate cause was not alleged in sufficient detail. However, these cases appear to have been overruled sub silentio by that same district court in a case decided in 1966 — Ahrens v. Hayworth, 189 So.2d 163, involving an obstruction in the road. In *Ahrens* proximate cause was alleged only in a general way and the appellate court declared — "It has long been the general rule of law that proximate cause, like negligence and contributory negligence, is ordinarily a jury question. At this stage of the proceeding we cannot say as a matter of law the alleged negligence of the appellee was not a contributing proximate cause to the death of appellant's husband." The complaint was held sufficient. (See also Martin v. Highway Equipment Supply Co., Inc., Fla. App. 2d, 172 So.2d 246, and Dunn v. Campbell, Fla. App. 2d, 166 So.2d 217, paragraphs numbered 2, 3.)

In a recent case involving alleged negligence in permitting a drunk to be in a place of amusement where he pushed a patron,

1. A complaint must perhaps set forth the facts in greater detail than ordinarily where fraud (Fla.R.C.P., Sec. 1.120 (b); Fla. Digest, *Fraud,* key no. 41) or some negligence other than simple negligence is required to be alleged, as in the case of licenses (Stewart v. Texas Co., Fla., 67 So.2d 653), social guests (Goldberg v. Straus, Fla., 45 So.2d 883) and non-paying automobile passengers (Jackson v. Edwards, 144 Fla. 187, 197 So. 833).

causing injury, the Fourth District Court held that proximate cause should have been alleged in more detail. Warner v. Florida Jai Alai, Inc., 221 So.2d 777. However, the court cited three supporting cases, two of which were decided more than fifty years ago, years before our modern rules of pleading were adopted. The third citation was the *Romans* case, supra, which, as we have indicated, appears to have been later overruled in effect by the same court that rendered it.

In another recent case the First District Court reversed a trial judge who admitted that a complaint contained "sufficient allegations to . . . maintain this suit" but dismissed it because it "consisted mainly of conclusions rather than ultimate facts." Cohn v. Florida-Georgia Television Co., Inc., Fla. App. 1st, 218 So.2d 787. See also Oster v. Krause, Fla. App. 3d, 168 So.2d 558.

In 1950 the Florida Supreme Court indicated a desire for, and that there had long before been established, "a short and simple rule of pleading" in negligence cases. Jackson v. Edwards, 144 Fla. 187, 197 So. 833. Even as far back as 1927 the Florida Supreme Court declared in Triay v. Seals, 92 Fla. 310, 109 So. 427 "[T]he rule is well nigh universal that in an action for negligence the plaintiff need not set out in detail the specific acts constituting the negligence complained of, as this would be pleading the evidence . . ." In so doing the high court cited several decisions from other jurisdictions upholding what were apparently very brief complaints in a wide variety of negligent activities, including the following — Leach v. Bush (1876), 57 Ala. 145, where it was alleged that the defendant negligently failed to sell goods consigned to him for sale; Bunnell v. Berlin Iron Bridge Co. (1895), 66 Conn. 24, 33 A. 533, where it was alleged the defendant negligently managed a derrick; and Scott v. Hogan (1887), 72 Iowa 614, 34 N.W. 444, where it was alleged the defendant so negligently handled the breeding of the plaintiff's mare that the mare died. In all of these cases the complaints were upheld.

See also Coombs v. Rice, 64 Fla. 202, 59 So. 958; German-American Lumber Co. v. Brock, 55 Fla. 577, 46 So. 740; Reinert v. Carver, Fla. 41 So.2d 449.

Florida appellate courts have held repeatedly that federal cases interpreting Federal Rules of Civil Procedure are pertinent and persuasive in interpreting similar Florida rules. Delta Rent-A-Car, Inc. v. Rihl, Fla. App. 4th, 218 So.2d 467; Crump v. Goldhouse Restaurants, Inc., Fla., 96 So.2d 215, 65 ALR 2d 637; Savage v. Rowell Distributing Corp., Fla., 95 So.2d 415; Hammac v. Wind-

ham, Fla. App. 1st, 119 So.2d 822; Brown v. Ripley, Fla. App. 1st, 119 So.2d 712; Booker v. Smith, Fla. App. 2d, 108 So.2d 790; Davis v. Davis, Fla. App. 1st, 123 So.2d 377. This court is unable to determine any essential difference between the federal and Florida rules on the subject of the procedural sufficiency of complaints. The Florida rule, 1.110 (b), is substantially the same as the federal rule, 8(a). Both require only "a short and plain statement." The Florida rule says that a complaint shall "state a cause of action" and the federal rule uses the words "a claim upon which relief can be granted," but the Florida Court of Appeal, 2nd District, in Martin v. Highway Equipment Supply Co., Inc., 172 So.2d 246, declared —

"Rule 1.11(b), Rules of Civil Procedure, 30 F.S.A. . . provides that the defense of '(6) failure to state a cause of action' may be made by motion. Rule 1.11(b) is like Rule 12(b), Federal Rules of Civil Procedure, except that clause (6) of the federal rule reads '(6) failure of the pleading to state a claim upon which relief can be granted,' which language of the federal rule is nothing more or less than the definition of a 'cause of action.' Both rules mean the same".

See also Gold Seal Company v. Weeks, D. of C., 209 Fed. 2nd 802, holding the federal "claim" phrase means "cause of action."

The requirement for stating "ultimate facts" is not expressly set forth in the federal rules but it is there by implication. Cyc. of Fed. Proc., §14.175.

The leading federal decision on the procedural sufficiency of complaints is Conley v. Gibson, 355 U.S. 41, a labor relations case where the U.S. Supreme Court declared through Mr. Justice Black —

"The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that *the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim*. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *The illustrative forms appended to the Rules plainly demonstrate this*. Such simplified 'notice pleading' is *made possible by the liberal opportunity for discovery* and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and

issues. Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The *Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome* and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." (Italics added.)

In an official order of the Florida Supreme Court dated January 21, 1950 the court approved the federal pleading forms which had been adopted by the U.S. Supreme Court a number of years earlier and the introduction to which stated that they were for "illustration only." More recently the Florida Supreme Court has approved Florida pleading forms which are in a number of cases identical with, and in the other cases very similar to, the federal forms.

In Conley v. Gibson, supra, the U.S. Supreme Court also laid down the test which has become the standard criterion in federal courts for determining the sufficiency of a complaint, and that is that a complaint "should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." This same quotation was set out with approval and italicized in the Florida case of Martin v. Highway Equipment Supply Co., Inc., supra.

The U.S. Court of Appeals for this, the fifth circuit, has, in numerous cases in recent years, been reversing trial judges for dismissing complaints. Most of such cases, incidentally, originated in Florida. (See *Barber,* infra.) In Arthur H. Richland Co. v. Harper, 5th Cir., 302 Fed. 2d 324, the court declared, through Judge Brown —

"This is another case proving that final disposition of a civil action on the basis of bare bones pleading is a tortuous thing. How a standard so simply expressed, so often repeated, is apparently so often overlooked without even so much as a mention is hard to understand."

In Shull v. Pilot Life Ins. Co., 5th Cir., 313 Fed. 2d 445, the court declared —

"The allegations, though in the broad general terms permitted by the Rules, are quite sufficient to satisfy the test of Conley v. Gibson, 1957, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed. 2d 80. We repeat again what we have said before that within these very broad guide lines, a dismissal with prejudice on the 'basis

of bare bones pleadings is a tortuous thing.' [Citing 8 cases] ... Exploiting the wonderful facility of pretrial discovery, the real facts can be ascertained and by motion for summary judgment (or other suitable device), the trial court can determine whether as a matter of law there is any right of recovery on those facts. [Citing 3 cases] ... It is perhaps ironic that the more extreme or even far fetched is the asserted theory of liability, the more important it is that the conceptual legal theories be explored and assayed in the light of actual facts, not a pleader's supposition."

In Barber v. Motor Vessel "Blue Cat," 5th Cir., 372 Fed. 2d 626, the same court stated —

"[A]t this day and time dismissal of a claim — land-based, waterborne, amphibious, equitable, legal, maritime, or an ambiguous, amphibious mixture of all of them . . . on the basis of the barebone pleadings is a precarious one with a high mortality rate."

We cannot help the Florida Supreme Court fulfill its desire for "a short and simple rule of pleading" if the phrase "ultimate facts" is to be interpreted in a technical, restrictive, and hair-splitting way. The motion to dismiss the counterclaim is denied.

Plaintiff's motions for income tax production and a compulsory physical examination, and Rigdon's motion to amend the counterclaim by adding an additional item of damages are all granted.