ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in Error*, v. J. B. HILLHOUSE, *Defendant in Error*.

1.   In an action under the statute to recover for "damage done to persons, stock or other property, by the running of the locomotives or cars" of a railroad company, it is incumbent upon the plaintiff to show that the injury complained of was caused by the running of the locomotives or cars of the defendant railroad company.

2.   Where liability of the defendant is not shown by the evidence, a judgment for the plaintiff will be reversed.

Appealed from the Circuit Court for Suwannee County

The facts in the case are stated in the opinion of the court.

*J. B. Johnson* and *John L. Doggett*, for Plaintiff in Error;;

*H. E. Carter*, for Defendant in Error.

WHITFIELD, C. J.—Hillhouse brought an action to recover damages for the loss of a horse alleged to have been struck by a train of the railroad company. There was judgment for the plaintiff and the defendant took writ of error.

In an action under the statute to recover for "damage done to persons, stock or other property, by the running of the locomotives or cars" of a railroad company, it is incumbent upon the plaintiff to show that the injury complained of was caused by the running of the locomotives or cars of the defendant railroad company. Until the plaintiff sufficiently alleges and proves substantially as alleged, the fact of an actionable injury caused by the running of the engine or cars of a railroad company, the statute raises no presumption of negligence against the company. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618.

In this case there is no testimony that the plaintiff's horse was struck by the defendant's train as alleged, and the physical facts in evidence negative any supposition that the horse was injured by the train. It appears that the horse harnessed to a buggy was after dark hitched to a lamp post within a few feet of the railroad track and near the corner of the depot building, and that an hour or more later the horse was found still hitched to the post, but it was lying between the shafts of the buggy injured in the rear of its back. The buggy was not injured, and the position of the horse and the buggy indicates that the train could not have struck the horse as alleged. The injury was apparently a peculiar one. There is no evidence that the train ran against the horse and the condition and position of the horse and the buggy repel an inference that the horse was struck by the train.

Under these circumstances the liability of the defendant company does not appear.

The judgment is reversed and a new trial awarded.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.