LEGH R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of S. A. L. Ry. Co., v. CORA EDWARDS as Administratrix.

157 So. 427.

Division B.

Opinion Filed October 30, 1034.

Rehearing Denied November 23, 1934.

*Fleming, Hamilton, Diver & Lichliter,* for Plaintiff in Error;

*Evan Evans, for Defendant in Error.*

WHITFIELD, P. J.—This action was brought under the Federal Employer's Liability Act to recover damages for the death of plaintiff's decedent, who was a switchman, and in the discharge of his duty was riding on the right front footboard of a locomotive switch engine and apparently was thrown under the engine and killed by reason of a collision of the engine with an automobile near a grade street crossing at Jacksonville, Florida. The negligence alleged is that the "defendants, by and through their servants and employees, who were then and there operating said engine, carelessly and negligently propelled and ran said engine against and upon an automobile, which was then and there being operated in and upon said street and upon and over said crossing and said Lewis Edwards was thereby thrown from said engine and fatally injured."

A demurrer to the declaration was overruled.

Trail was had upon a plea of not guilty. Six pleas were excluded on demurrer or motion to strike and a plea denying that the decedent was acting within the scope of his employment at the time of the fatal injury was apparently abandoned. The court denied motions for a directed verdict for defendants. Verdict and judgment for $7,500.00 were rendered for the plaintiff administration. Defendant's motion for judgment *non obstante veredicto* and for new trial were denied and the defendant receivers of the railway company took writ of error.

In an action against a railroad company or its receivers to recover damages for negligent injuries, the declaration should allege ultimate facts showing the relation that existed between the injured person and the defendant and that the defendant negligently did or omitted the act or acts that proximately caused or contributed to causing the injury as stated, the specific fact that actually caused the injury being

duly alleged so that a definite issue may be presented for trial. Warfield v. Hepburn, 62 Fla. 409, 57 So. 618.

The declaration here alleges the relation of employers and employee in the operation of a railroad, and charges that the defendent receivers "carelessly and negligently propelled and ran said engine against and upon an automobile" and that plaintiff's decedent "was thereby thrown from said engine and fatally injured." The declaration alleges an ultimate fact of negligently running an engine against an automobile and charges that the plaintiff's decedent "was *thereby thrown* from said engine and fatally injured," thereby alleging a negligent operation of the engine and the specific facts that actually caused the injury, so that a definite issue may be presented for trial. The declaration was not subject to the demurrer interposed to it.

While it appears that plaintiff's decedent was by the collision thrown from the engine and not from the automobile, yet it is alleged that plaintiff's decedent was performing an employee's duty on the engine and that the engine was negligently run against the automobile which was then being operated upon the street and upon and over the crossing, and that plaintiff's decedent *"was thereby* thrown from the said engine." Such allegations show a legal duty of defendant's engineer not to negligently run the engine against the automobile so as to cause or contribute to causing the plaintiff's decedent to be thrown from the engine by the collision at the street crossing.

The evidence shows that at night while it was raining defendants' switch engine hauling two freight cars was going south from a switching yard at a speed of three or four miles an hour to and across a street. The deceased switchman was on the footboard on the right side of the front of the engine. An automobile coming rapidly from

the west, when within perhaps twenty feet of the crossing, turned to the right and ran into the side of the engine some four or more feet south of the pavement. The engineer testified that as the front of the engine approached within ten feet of the street at the crossing, he observed over an adjacent fence an automobile a hundred and fifty or more feet away coming from the west at a "wild burst of speed towards my train," and that he did not try to stop the train before the collision because the automobile driver had ample time to stop.

It is contended that the plaintiff administratrix is entitled to recover damages for the death of the switchman because the evidence shows that after the locomotive engineer of the defendant receivers of the railroad company saw the automobile rapidly approaching the railroad crossing he could have stopped the engine before it reached the point south of the crossing where the automobile ran into the right side of the engine at the footboard on which the switchman was standing in the performance of his duty.

The declaration in a single count contains the allegations above quoted. There is no allegation of any kind charging that the train was so negligently operated that it was not stopped in time to avoid a collision with the automobile which ran into the side of the engine at a point south of the street.. The evidence shows the engine did not run against and upon the automobile but the automobile ran against and upon the side of the engine after the portion of the engine struck had passed the street crossing.

The testimony shows that the automobile was "being operated in and upon said street" as alleged, but it also shows that the automobile was not being operated upon and over said crossing" as alleged. Before reaching the crossing the automobile was turned to the right and driven from and

off the street, and then it ran into the side of the engine near its front after that part of the engine had reached a point perhaps four to sixteen feet south of the street. Obviously such movement of the automobile was to avoid a collision with the engine made imminent primarily and mainly because of the negligence of the driver of the automobile in approaching the street crossing at a rapid rate of speed when he reasonably should have known that the engine was about to cross the same street on a track that was well known to the driver of the automobile. There is evidence tending to show that the engineer reasonably could have stopped the engine before the point of collision was reached, but this is not alleged as a ground of recovery, and the evidence does not conclusively show that negligence of the engineer in not stopping the engine sooner was a contributing proximate cause of the fatal injury.

At the request of the plaintiff below, the court gave several charges relating to the duty of the defendants' locomotive engineer as to persons on the railroad track or about to go on the railroad track, to use every effort consistent with the safety of the train to avoid injuring such persons.

There was no such issue in the case. The action is to recover damages for fatal injury to a switchman who was riding on the engine by a collision between the engine and an automobile and not for injury to the person who was rapidly driving the automobile on the street towards the crossing as the engine was nearing the crossing. Such instructions were calculated to divert the attention of the jury to matters not within the issues being tried and were duly excepted to.

Other errors assigned, if material, need not be discussed here as they probably will not appear at another trial. in view of what has been said of some of the charges and of a variance between the allegations and the evidence.

.. 

Reversed for appropriate proceedings.

BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.