[No. 24679. Department Two. December 11, 1933.]

JOHN HOOK et al., Respondent, v. H. F. KIRBY et al., Appellants.[1]

Shank, Belt & Rode, for appellants.
Joseph H. Griffin, for respondents.

[1]Reported in 27 P. (2d) 567.

GERAGHTY, J.—This is an action by John Hook, driver, and John-Elliott Studios, a corporation, owner, of an automobile, to recover for personal injuries sustained by the driver and property damage to the car, resulting from a traffic accident alleged to have been the fault of the defendants. From a judgment in favor of the plaintiffs entered upon the verdict of a jury, the defendants appeal.

The accident occurred at or near the intersection of east Aloha street and Fifteenth avenue north in the city of Seattle. East Aloha street runs east and west, and Fifteenth avenue north runs north and south. The respondent driver was in the employ of respondent John-Elliott Studios, and on this occasion was making deliveries, driving a Dodge sedan car. He testified that he was proceeding south on Fifteenth avenue at the rate of about twenty to twenty-five miles an hour; that, as he approached the intersection of east Aloha street, he slackened speed to twelve miles; that, before entering the intersection, he looked to the left up east Aloha street and saw an approaching car about one hundred feet east of the intersection; that, after he had reached the middle of the intersection, he looked again and saw the car driven rapidly toward him; that, anticipating a collision, he put his foot on the gas and increased his speed; that, after he had passed the intersection and about twenty feet south of the south curb of east Aloha street, he was sideswiped by appellants' car, which continued to crowd him to the right; and that, in an effort to protect himself, he drove upon the curb and crashed into a tree some fifty feet south of the intersection.

Appellants' driver, a boy sixteen years of age, was driving a covered Ford truck, also making deliveries for his employers, the appellants, who conducted a meat

market. He testified that he was driving west on east Aloha street at the rate of thirty or thirty-five miles an hour; that, when about seventy-five feet east of the intersection, he looked north and south and saw no car; that, as he approached the intersection, he slowed down to about fifteen miles an hour and proceeded southwesterly toward the west curb of Fifteenth avenue; that he did not see respondent's car until the cars sideswiped south of the intersection, where he observed out of the corner of his right eye a flash of blue and heard a crash; and that he brought his car to a stop some fifty feet south of the point of respondent's impact with the tree. The jury, having heard this conflicting testimony, evidently believed the story of respondent Hook.

Appellants contend that this is not an intersection case, but a passing case, and complain of the trial court's failure to give certain instructions requested by them defining the duty of a passing car. They argue the view that the proximate cause of the accident was the effort of respondent to pass appellants' car on the right, when, under the statutory rules of the road, he should have passed on the left. The court, in refusing these requested instructions, stated there was no testimony warranting appellants' view.

We agree with the trial court. While it is true that the first collision of the cars and the subsequent impact of respondent's car with the tree occurred south of the intersection, the train of circumstances from which these resulted had its origin in the situation of the drivers as they entered the intersection. The testimony gives no color to the claim that respondent driver was attempting to pass appellants' car on the right in the sense forbidden by law. The testimony warrants the conclusion, evidently reached by the jury, that what respondent was trying to do was not to pass

but to get out of the way of appellants' car to avoid injury.

Appellants further complain of the giving of instruction No. 9, as follows:

"A person in imminent peril is not required by law to exercise the same presence of mind and degree of care which an ordinarily prudent man would have exercised under ordinary circumstances; that is, where a person is called upon to act in an emergency and takes what appears to be the safest course to avoid a discovered danger, he is not necessarily guilty of negligence, even though he should not have used the best judgment; and I therefore instruct you that in this case if the plaintiff, the driver of the Dodge car, without fault, was suddenly brought into a position where he saw that a collision was likely to occur, that he would not be guilty of negligence in speeding up his car or veering to the right, even though it should subsequently appear not to have been the wisest course to take."

As we have seen, respondent Hook testified that, when within the intersection, he observed the oncoming car heading directly toward him at a rapid rate of speed; and that, to avoid collision, he put his foot on the gas and speeded up his own car. When faced with the possibility of a collision, one of two courses was open to him—either to stop, taking the chances of being hit, or to proceed forward, as he did. He did the natural thing, in attempting to get out of the way. The law will not hold him guilty of negligence in making his choice of an avenue of safety in the emergency.

"It is, of course, the law that, when the driver of a vehicle is confronted with a sudden emergency, the driver, in putting into operation some plan by which he endeavors to avoid injury to himself or another, is not held to the exercise of the same degree of care to which he would be held if time were allowed within which to deliberate and choose the safest course. *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529; *Johnson v. Heitman*, 88 Wash. 595, 153 Pac. 331; *Hart-*

*ley v. Lasater,* 96 Wash. 407, 165 Pac. 106; *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *Watkins v. Interstate Coach Co.,* 145 Wash. 221, 259 Pac. 393; *Greyhound Lines, Inc., v. Noller,* 36 Fed. (2nd) 443." *Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270.

We have read the record carefully, and are satisfied that, on the whole, the court fairly and adequately instructed the jury on all the issues in the case.

The judgment will be affirmed.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.