[No. 29179.   Department Two.   February 2, 1944.]

MARTIN E. MILNE, *by his Guardian ad Litem Donald L. Milne, Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 145 P. (2d) 888.

*A. C. Van Soelen* and *Arthur Schramm,* for appellant.

*Shank, Belt, Rode & Cook,* for respondent.

MILLARD, J.—A minor, by his guardian *ad litem,* brought this action to recover for personal injuries and property damage sustained in a collision between an automobile owned and operated by the minor and a trackless trolley coach owned and operated by the city of Seattle. Trial of the cause to a jury resulted in verdict in favor of the plaintiff. From judgment entered on the verdict, motions for judgment notwithstanding the verdict and for a new trial having been overruled, defendant appealed.

About one p. m., March 29, 1942, in clear weather and with the sun shining, a 1929 Plymouth coupe operated by respondent collided with a trackless trolley coach operated by appellant at or within the intersection of Nob Hill avenue and Boston street in the city of Seattle. The intersecting highways in question are paved with asphalt. Nob Hill avenue, which runs north and south, is twenty-five feet wide. The course of Boston street, which is forty feet wide, is east and west. Respondent was proceeding north on the right-hand side of Nob Hill avenue and making a left-hand turn into Boston street. Appellant's coach was eastbound on Boston street. When approximately seventy-five feet south of the south curb line of Boston street, respondent stopped his automobile to adjust a side mirror. He then proceeded in low gear and, when he arrived at that south curb line, he put his automobile in second gear, looked to his left or to the west, and observed appellant's coach seventy-five feet or more west of the west curb line of Nob Hill avenue. At that time respondent's automobile was traveling not more than twenty miles an hour and the speed of appellant's coach was thirty to thirty-five miles an hour. The lot on the southwest corner of the intersection is level with the street, and, while that lot is occupied

by garages, those buildings are set back some distance from the property line; and it is conceded that the operator of each of the vehicles involved in this action could see the other's vehicle as it approached the intersection regardless of where the vehicle was, had the operator of the other vehicle looked for same.

The evidence as to the point of the collision of the coach and automobile is sharply conflicting. The evidence adduced on behalf of appellant was to the effect that the point of impact was two and one-half feet south of the center line of Boston street and seven or eight feet west of the west curb line of Nob Hill avenue, or entirely west of the intersection and on the south half (appellant's lane of traffic) of Boston street.

The jury accepted as true the evidence that respondent, in making the left turn, proceeded within the arc of the southwest quarter of the space within the intersection of Nob Hill avenue and Boston street, and, after respondent's automobile, except a small part of the left rear corner of that vehicle, was on the north side of the center of Boston street, appellant's coach, which was on the north or wrong side of Boston street, collided with the left rear corner of respondent's automobile, when that portion of the automobile was slightly east of the west curb line of Nob Hill avenue, which, of course, was within the intersection.

The verdict of the jury on competent evidence and under proper instructions is a complete answer to appellant's contention that respondent was guilty of contributory negligence, which bars recovery, in making a left-hand turn into Boston street in such a manner that his automobile was in the southwest quarter of the intersection (west of the center line of Nob Hill avenue and south of the center line of Boston street), which was in appellant's lane of traffic and entirely outside of that portion of the highway over which respondent had the right of way.

Neither as a matter of law nor as a matter of fact was respondent guilty of contributory negligence. Under the evidence, respondent, the favored driver, was proceed-

ing upon that portion of the street over which his automobile, as the favored car, had the right to travel. The statute (Rem. Rev. Stat., Vol. 7A, § 6360-86 [P. C. § 2696-844]), which prescribes the manner in which the operator of an automobile may make a left turn at an intersection and eliminates the necessity for the operator to pass to the right of the center of the intersection provided he keeps to the right of an arc formed by the intersection entrance markers, gives to the driver, under facts as found by the jury in the case at bar, the right of way while making such turn. The burden imposed by the statute (Rem. Rev. Stat., Vol. 7A, § 6360-88 [P. C. § 2696-846]) to avoid colliding with a vehicle approaching from his right rests heavily upon the disfavored driver who is proceeding from the left. Under that statute, respondent, being the driver on the right, was entitled to the right of way; and under the statute (Rem. Rev. Stat., § 6360-86), which prescribes the manner in which a driver may make a left turn at an intersection, respondent was still entitled to the right of way so long as he was within that portion of the southwest quarter of the intersection over which, as the favored car, he had a right to travel. Under the evidence, it is clear that respondent proceeded upon that portion of the intersection over which his automobile, as the favored car, had a right to travel.

The court charged the jury that if it found that respondent was guilty of negligence and if such negligence was *the* proximate cause of the collision, then the respondent would not be entitled to recover. The court recalled the jury and corrected the instructions to read that if respondent's negligence was *a* proximate cause of the collision, then respondent would not be entitled to recover.

Counsel for appellant insist that the court erred in refusing to grant to appellant's counsel the opportunity to reargue the case after amending the instructions. The court very properly corrected the instructions. In the exercise of a sound discretion, the court denied the request of counsel to reargue the case.

■ Counsel for appellant argue that the rule which imposes the duty upon the operator of a vehicle on approaching a public highway intersection to look out for and give right of way to vehicles on his right simultaneously approaching a given point within the intersection, is not applicable, as the two vehicles collided when respondent's automobile was west of the west curb line of Nob Hill avenue and south of the center line of Boston street and that the point of impact was without the intersection.

The jury found on competent evidence that the collision of the two vehicles occurred within the intersection. If it be true, however, that the collision of the two vehicles occurred outside the intersection, the train of circumstances from which that collision resulted had its origin in the situation of the drivers as one of the vehicles entered the intersection and the other vehicle was at the west curb line of Nob Hill avenue on the west curb line of the intersection. In effect, the accident was commenced within the intersection even if it culminated without the intersection. It still is a right of way case. *Hook v. Kirby*, 175 Wash. 352, 27 P. (2d) 567; *Rutger v. Walken*, 19 Wn. (2d) 681, 143 P. (2d) 866.

It would serve no useful purpose to review our many intersection and right of way decisions, as they are either in harmony with the foregoing opinion or, in principle or on the facts, are distinguishable from the case at bar.

We have considered the other assignments of error which are based upon the refusal of the trial court to give certain requested instructions and the giving of other instructions. We are convinced by our examination of all the instructions that the jury was correctly charged under the pleadings and the evidence. The court did not commit prejudicial error in refusing to give the requested instructions, as they were given in substance in other instructions in so far as the evidence in the case called for instructions upon the matter requested.

The judgment is affirmed.

SIMPSON, C. J., GRADY, ROBINSON, and MALLERY, JJ., concur.