[No. 29450. Department Two. February 2, 1945.]

ANTONIO MANCINELLI *et al., Appellants,* v. CLYDE BROWN *et al., Respondents.*

*Wright & Wright (John Kelleher,* of counsel), for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for respondents.

BLAKE, J.—This case arises out of a collision between plaintiffs' and defendants' automobiles at the intersection of Eighty-fifth street and Fifteenth avenue northeast in

¹Reported in 155 P. (2d) 497.

Seattle. Plaintiffs sought to recover for damage to their automobile and for injuries sustained by Mrs. Mancinelli. Defendants, by cross-complaint, laid claim for damage to their automobile. The case was tried to the court, which found the drivers of both cars guilty of negligence and entered judgment dismissing plaintiffs' action and defendants' cross-complaint. Plaintiffs appeal.

The only question for determination is whether the finding of the court that the driver of appellants' car was guilty of negligence is against the weight of the evidence; for, unless we can say the evidence preponderates against the court's findings, the judgment will not be disturbed.

Fifteenth avenue northeast is an arterial highway. Eighty-fifth street is not. Appellants were traveling west on Eighty-fifth street. Respondents' car was going north on Fifteenth avenue northeast. The collision occurred three or four feet west of the center of the intersection and seven or eight feet north. The respondents' car ran into appellants' car—first hitting it broadside at the left-rear door and fender. The force of the impact swung the back end of respondents' car around so that it struck the left-front door and fender of appellants' car. The cars came to rest a few feet apart within the intersection—the appellants' car headed in a southwesterly direction, the respondents' headed northerly. The cost of repairs to appellants' car was $116.52.

In the light of the foregoing facts, about which there is no substantial conflict in the evidence, it is apparent that the question for determination is resolved to whether the driver of appellants' car had a reasonable margin of safety in attempting to cross Fifteenth avenue northeast in front of respondents' car; and the answer, resting, as it does, upon findings of fact made by the court, is to be determined as *a matter of fact,* and not as a matter of law.

Mancinelli, who was driving appellants' car, testified that, when he approached Fifteenth avenue northeast, he stopped and, looking toward the south, observed respondents' car a block and a half away; that he went into low gear and started across; that, when he reached a point "pretty near in the middle of the road," he saw that respondents' car was com-

ing at a rate of forty-five or fifty miles an hour and only seventy or eighty feet away; that he went into second gear to get out of the way; that respondents' car swerved to the left just before the collision.

Appellants' son, who was riding in the front seat, testified that he first observed respondents' car when it was twenty-five or thirty feet from the intersection; that it was then traveling at a rate of forty miles an hour; and that his father stopped before entering the intersection.

The driver of respondents' car testified that he first observed appellants' car when he was twenty-five feet from the intersection; that he was traveling at about twenty-five miles an hour along the inner lane of Fifteenth avenue northeast; that, when he first noticed appellants' car, it was at the edge of the pavement on Fifteenth avenue northeast; and that, in attempting to avoid the collision, he swerved to the left. There was one passenger in respondents' car, who testified, in substance, to the same effect. He also stated that, after the collision, he heard Mancinelli, when asked if he had stopped, say, "No, he slowed down."

■ Viewing the evidence as a whole, the court might have found for appellants. Had it done so, we should have been loath to say that the evidence preponderated against such a finding, because we must depend so much upon the trial court's appraisal of the credibility of the witnesses.

But the court having found that the appellant driver was negligent—"in failing to look out for and give right of way to the defendants' automobile . . . ; in failing to exercise ordinary care in determining the speed and distance the defendants' car was from the intersection before said plaintiffs entered said intersection, and in failing to keep a proper lookout at said time and place"—we are moved to say that we think the finding is sustained by a preponderance of the evidence. To our minds, the physical facts alone swing the preponderance of the evidence to the side of the finding. From the position of the cars after the collision and the extent of the damage to appellants' car, it is manifest that the force of the impact was not severe—certainly not of the severity as would have resulted from the momentum of

a car traveling forty miles an hour. All of which leads to the conclusion that respondents' car was not traveling at an excessive rate of speed.

■ As if in recognition of this fact, appellants, for the first time, urge upon this court that they are entitled to recover under the doctrine of the last clear chance. This contention might be disposed of on the ground that it is a theory not presented in the trial of the case. We may say, however, that we think the contention is untenable.

As we read the evidence, we think the driver of respondents' car did everything possible to avoid the collision after discovering appellants' peril. It is to be observed that appellants' negligence—their obligation to yield the right of way—had not ceased at the time of the collision. So, under neither aspect of the doctrine of the last clear chance are appellants entitled to recover. *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302.

■ To now say that the collision would not have occurred had the driver of respondents' car swerved to the right, instead of to the left, is merely to charge him with failure to exercise, in the light of the event transpired, better judgment in a situation of danger created by the negligence of the driver of appellants' car. This does not constitute a basis for holding respondents liable for the accident. *Hook v. Kirby,* 175 Wash. 352, 27 P. (2d) 567.

Judgment affirmed.

BEALS, C. J., SIMPSON, ROBINSON, and MALLERY, JJ., concur.