[No. 31696.   Department One.   May 8, 1952.]

WILLIAM A. GIES *et al., Respondents,* v. CONSOLIDATED
FREIGHTWAYS, INC., *Appellant.*[1]

[1]Reported in 244 P. (2d) 248.

*Cameron Sherwood* and *Herbert H. Freise*, for appellant.

*Gose, Williams & Ennis* and *Henry Kaye,* of counsel, for respondents.

MALLERY, J.—This is an appeal by the Consolidated Freightways, Inc., from a judgment based on the verdict of a jury, in favor of the respondents William A. Gies and Howard Buchheim, for damages arising out of a motor vehicle collision.

The accident occurred on highway No. 295 about six miles north of Dodge Junction in Columbia county, Washington, during the hours of darkness.

The weather was cold. The highway was about twenty feet wide and declined to the north, at the place in question. It was slippery with snow and ice.

An Inland Motor Freight truck and trailer, which was traveling south, had stalled on the west side of the highway, at the foot of the grade, before reaching the curve in question. Thereafter, the appellant's truck and trailer, traveling north, stopped and parked partially on the east side of the highway, about three hundred feet to the south. Its driver dared not try to pass for fear of sliding into the Inland truck and trailer. He then went to the assistance of the Inland truck and trailer, and by spreading sand on the highway it was able to proceed *after* the accident. He did not cause a fusee to burn in accordance with Rem. Supp. 1947, § 6360-32a, subd. B. (1), when he left the truck and trailer standing partially on the highway. Much is said about his having handed a fusee to another, but no contention is made that such person caused it to burn as required or that he was not the driver's agent for that purpose.

The Buchheim and Gies trucks were traveling in a northerly direction, with the Buchheim truck in the lead. The record is silent on the distance between them. When the Buchheim truck rounded the curve south of appellant's parked truck and trailer, its driver saw the lights of both trucks and trailers (but no warning fusee). He proceeded one hundred and fifty to two hundred feet, and then he elected to stop the truck by running it into the ditch with

part of it protruding onto the highway, rather than attempt to weave around both of the trucks and trailers that were ahead of him. It may be noted that his appraisal of the situation, as being emergent, is supported by Consolidated's driver, who had parked previously. He then left the truck and ran back, in the direction from which he had come, to warn the oncoming Gies, but had insufficient time to do so. Gies, being unable to go around the Buchheim truck, ran into its rear end. This collision occasioned the damages to the respondents' trucks here involved. No contact was had with either appellant's or the Inland trucks and trailers.

The appellant assigns as error the trial court's refusal to grant its motion for a directed verdict, upon the ground that the evidence was insufficient to prove its negligence.

This is upon the theory that violation of Rem. Supp. 1947, § 6360-32a, subd. B. (1), in failing to burn a fusee, was not a proximate cause of the damage, for the reason that the driver of the Buchheim truck saw the lights of the trucks and trailers ahead of him, and was thus aware of their presence.

The purpose of the statute in requiring a burning fusee, however, is not to merely warn of the presence of vehicles on the highway, but to give notice of the fact that the vehicles are stationary. A moving vehicle and a stationary one call for different actions toward them by a prudent man, and tardy knowledge of a situation may create an emergency. The appellant's display of ordinary lights is not a compliance with the statute. *Rumford v. Snider,* 31 Wn. (2d) 431, 197 P. (2d) 446. We cannot say, as a matter of law, that the violation of the statute was a cause so remote as not to constitute actionable negligence.

Appellant assigns as error the trial court's denial of its motion for a directed verdict, based on the ground that Gies was guilty of contributory negligence as a matter of law, because he did not have chains on his truck.

Gies and the driver of the Buchheim truck had previously discussed the question of chains, and had decided they were not necessary.

■    The need for chains, in a given situation, is ordinarily a question for the jury. We cannot say, as a matter of law, in this case that Gies was negligent in not using chains.

■    The appellant assigns as error the giving of instruction No. 10, which reads:

"You are instructed that one whose primary negligence is the cause of an injury cannot be excused of his negligence by reason of an intervening negligent act of a third party, if such intervening negligent act might have reasonably been foreseen, or that the intervening negligent act is a normal response to a situation created by the one primarily negligent, or that the intervening negligent act is not extraordinarily negligent."

This instruction is within the purview of the law expounded in 2 Restatement of the Law of Torts 1196, § 447, as follows:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have realized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not *extraordinarily negligent*." (Italics ours.)

See *Swanson v. Gilpin,* 25 Wn. (2d) 147, 169 P. (2d) 356; *Theurer v. Condon,* 34 Wn. (2d) 448, 209 P. (2d) 311.

The appellant assigns as error the failure of the trial court to give a requested instruction to the effect that the driver of a following vehicle must be prepared to avoid a collision, in the event that the one ahead should be required to come to a sudden stop.

■    Appellant refers to no testimony in the statement of facts which makes such an instruction appropriate. Accordingly, we do not consider it. *In re Peterson's Estate,* 12 Wn.

(2d) 686, 123 P. (2d) 733. Rule on Appeal 42(6), 34A Wn. (2d) 44.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.

[1]Reported in 244 P. (2d) 250.