[No. 32282. *En Banc.* April 16, 1953.]

MELVIE JESS, *Appellant,* v. H. C. McNAMER *et al.,* *Respondents.*[1]

[1]Reported in 255 P. (2d) 902.

*Lindberg & Ryan (Theodore M. Ryan,* of counsel), for appellant.

*Gavin, Robinson & Kendrick* and *W. R. Cole,* for respondents.

HAMLEY, J.—Melvie Jess brought this suit to recover damages sustained when an automobile driven by H. C. McNamer collided with the rear of plaintiff's stalled truck. The action was tried to a jury. A judgment of nonsuit was entered at the close of plaintiff's case. Plaintiff appeals.

The pertinent evidence, considered in a light most favorable to appellant, reveals the following situation: On the afternoon of January 19, 1950, Snoqualmie Pass highway was banked high with snow on each side, and snow was falling steadily. Jess and his companion, one A. F. Hyde,

who was driving, were traveling west and had reached a point about one-half mile west of Lake Keechelus Inn. The truck then developed engine trouble. Hyde was able to maneuver the vehicle to the right side of the road, very close to the snow bank. As it came to a stop it encroached somewhat on the right-hand driving lane. However, there was room enough for two vehicles to pass each other to the left. The point at which the truck became stalled was on a straight stretch of highway about one hundred fifty to two hundred feet west of a curve.

It was then about two o'clock p. m. Jess did not have any flares, electric lanterns, reflectors, or red flags in his truck, and so no such warning devices were placed on the roadway. Headlights and taillights were kept burning, and from time to time Jess and Hyde took turns directing traffic around the truck. They also made periodic efforts to start the motor, but without success. A state highway patrolman offered to get a repair truck to tow the disabled vehicle, but was apparently unable to obtain such assistance.

Snow continued to fall all afternoon. A snow plow, engaged in removing loose snow, jogged out around the stalled truck. The portion of the highway kept open for traffic was impacted with snow and ice and was very slick. Around the truck where the snow plow could not reach, newly fallen snow gradually accumulated until it reached a depth of about six inches.

During the course of the afternoon many vehicles safely passed the stalled truck. The visibility was good enough so that Jess and Hyde could see cars coming from either direction. When the accident occurred, between five and six o'clock p. m., Jess was working on the motor with the hood raised, indicating that visibility was good enough for that purpose. While Hyde testified that it was dark by the time the accident occurred, Jess testified that it was just getting dusk.

Due to the overcast sky and driving snow, Jess and Hyde had been using the headlights on the truck before it stalled. All other drivers on the highway had been using their

lights for some time prior to the accident. Before the accident occurred, Jess and Hyde had discontinued their efforts to direct other traffic, Hyde testifying that it "finally got so dark we had to quit that."

At the time of the collision, the truck, with chains on its tires, was not in gear, and the brake was not set. The impact knocked the truck forward fifty-one feet through the six inches of loose snow. Respondent McNamer was not called to the witness stand by appellant. Neither Jess nor Hyde saw McNamer's automobile prior to the actual impact. The only explanation as to why the collision occurred came from the state highway patrolman, called by appellant. He testified that vehicles coming out of the curve would come right up to the truck "before they possibly could notice it was there." He also testified, under questioning by appellant, that McNamer stated after the accident that "he didn't see the car in time to avoid the collision."

The trial court granted respondent's motion for nonsuit on the ground that appellant was chargeable with contributory negligence as a matter of law.

Appellant concedes that he violated RCW 46.40.210 (Rem. Supp. 1947, § 6360-32a) in failing to carry warning devices in his truck and place them on the roadway. He argues, however, that (1) such violation was not negligence, under the circumstances of this case; (2) if it was negligence, such negligence was not, as a matter of law, a proximate cause of the accident; and (3) if appellant is chargeable with contributory negligence, he may nevertheless recover under the doctrine of last clear chance. These contentions will be considered in the order indicated.

In connection with the first of these arguments, appellant asserts that after the truck stalled, and it became apparent that warning devices were not available for placement on the roadway, he used ordinary care in attempting to extricate himself from the dangerous situation. Appellant thereby seeks to apply the rule that where there is pleading and proof of such peculiar facts as would tend to justify the violation of positive law, such violation is not negligence

*per se.* See *Brotherton v. Day & Night Fuel Co.*, 192 Wash. 362, 73 P. (2d) 788; *Bissell v. Seattle Vancouver Motor Freight*, 25 Wn. (2d) 68, 168 P. (2d) 390. In the *Brotherton* case, the rule is stated as follows:

"While it is true that violation of a statute is, generally speaking, negligence *per se*, it is also true that such violation is not negligence when due to some cause beyond the violator's control, and which reasonable prudence could not have guarded against. [Citing cases.]" (p. 369)

This rule is not applicable in the instant case because here the violation was not due to some cause beyond the violator's control, nor was it a violation against which reasonable prudence could not have guarded. The failure to place warning devices on the roadway was due to appellant's violation of statute and lack of prudence in failing to carry such devices in his truck. The fact that, after appellant negligently created the risk, he exerted every effort to overcome the hazard, does not operate to cleanse the original act of its negligent character. This is made clear in 2 Restatement of Torts, 1181, § 437, where it is said:

"If the actor's negligent conduct is substantial factor in bringing about harm to another, the fact that after the risk has been created by his negligence the actor has exercised reasonable care to prevent it from taking effect in harm does not prevent him from being liable for the harm."

The contention upon which appellant principally relies is that his negligence in failing to carry and place the warning devices was not, as a matter of law, a proximate cause of this accident. In arguing this point, appellant calls attention to the evidence which tends to establish the following facts: (1) Many vehicles safely passed the stalled truck during the course of the afternoon; (2) the burning taillights on the truck were visible to McNamer as soon as he came around the curve; (3) there was room to pass to the left of the stalled truck; and (4) McNamer was traveling at an excessive rate of speed.

There was no evidence that other vehicles passed the stalled truck immediately prior to the accident. The evidence plainly indicates that visibility and road conditions

were constantly worsening as darkness approached. Later in the evening, driving conditions became so bad that the pass was closed to all traffic. The fact that other vehicles safely passed the truck earlier in the afternoon therefore has no materiality with regard to the cause of this accident.

It may be assumed that McNamer saw or should have seen the taillights on appellant's truck as soon as he came around the curve. But this did not give him notice that the truck was stalled. The purpose of the statute requiring these warning devices (RCW 46.40.210) is to give notice of the fact that a stationary vehicle is occupying part or all of the driving area or shoulder ahead. *Mitchell v. Rogers*, 37 Wn. (2d) 630, 225 P. (2d) 1074; *Gies v. Consolidated Freightways*, 40 Wn. (2d) 488, 244 P. (2d) 248. Accordingly, we have held that the display of ordinary lights is not a compliance with the statute. *Rumford v. Snider*, 31 Wn. (2d) 431, 197 P. (2d) 446; *Gies v. Consolidated Freightways, supra.*

McNamer had room to pass to the left of the stalled truck. However, he had the right to proceed in the right-hand lane upon the assumption that it was not obstructed, until warned to the contrary. *Moorehouse v. Everett*, 141 Wash. 399, 252 Pac. 157, 58 A. L. R. 1482. Here he did not receive such warning, and so was given no opportunity to utilize the ample driving space to the left.

If it be assumed that McNamer was traveling at an excessive speed, this would also be immaterial. The faster McNamer's car was being driven, the more useful would it have been to him to find a warning flare one hundred feet behind the truck. Reckless drivers, as well as careful ones, are entitled to a warning of danger ahead. Failure to warn a reckless driver of an obstruction in the roadway is more likely to be a proximate cause of an accident than failure to warn a careful driver.

In *Greisen v. Robbins*, 36 Wn. (2d) 64, 216 P. (2d) 210, we held, as a matter of law, that plaintiff's negligence in failing to burn lights on a car parked on the highway after dark was a proximate cause of a rear-end collision with a car driven by an intoxicated person. We there said:

"The duty of care, imposed by the statutes, is for the benefit of all users of the highway. Proof of a user's negligence, if it is one of the proximate causes of the injury, will, of course, defeat his own recovery, but that is not to say that the violation of the statutes is thereby excused or that the respondent owed to the appellant no duty to obey the statutes because of his intoxication." (p. 65)

This rear-end collision was precisely the kind of harm which the statute requiring warning devices was designed to prevent. This being the case, it must follow that the violation of the statute was a proximate cause of the accident. In Harper, Law of Torts, 259, § 111, this principle is stated as follows:

"Now if the harm which has actually occurred is one of the particular risks which made the actor's conduct negligent, it is obviously a consequence for which the actor must be held legally responsible. Otherwise, the legal duty is entirely defeated. Accordingly, the generalization may be formulated that all particular consequences, that is, consequences which occur in a manner which was reasonably foreseeable by the defendant at the time of his misconduct, are legally caused by such breach of duty."

In 2 Restatement of Torts, 1239, § 469, the same principle is announced:

"A plaintiff who has violated a legislative enactment designed to prevent a certain type of dangerous situation is barred from recovery for a harm caused by a violation of the statute if, but only if, the harm was sustained by reason of a situation of that type."

It is therefore our opinion that the evidence, considered in the light most favorable to appellant, compels the finding and conclusion that the negligence of Jess in failing to place lighted flares, electric lanterns, or reflectors on the roadway, was a proximate cause of the accident. It follows that appellant is chargeable with contributory negligence as a matter of law.

Appellant's final argument is that, if he is chargeable with contributory negligence, the evidence would nevertheless warrant a jury verdict in his favor on the theory of last clear chance.

Appellant did not plead last clear chance or urge it before the trial court in resisting respondent's motion for nonsuit. He is accordingly not entitled to advance that theory on this appeal. *Mancinelli v. Brown*, 22 Wn. (2d) 299, 155 P. (2d) 497.

It may be said, however, that since appellant's negligence continued until the moment of impact, and there is no evidence that McNamer actually saw the stalled truck in time to avoid it, last clear chance has no application here. *Coins v. Washington Motor Coach Co.*, 34 Wn. (2d) 1, 208 P. (2d) 143.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, DONWORTH, FINLEY, WEAVER, and OLSON, JJ., concur.

SCHWELLENBACH, J., concurs in the result.

