[No. 32624.    Department Two.    October 29, 1953.]

KAISER ALUMINUM & CHEMICAL CORPORATION, *Respondent*,
v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Re-
spondent*, JEAN FRANCES OWEN, *Appellant*.[1]

*Lindberg & Ryan* (*Theodore M. Ryan*, of counsel), for appellant.

*Keith, Winston & Repsold* and *E. Lawrence White*, for respondent Kaiser Aluminum & Chemical Corporation.

*The Attorney General, Henry Heckendorn* and *Edwin R. Roberts, Assistants*, for respondent department of labor and industries.

[1]Reported in 262 P. (2d) 536.

HAMLEY, J.—The widow of a workman covered by the workmen's compensation act instituted this proceeding to obtain a widow's pension.

The claim was rejected by the department of labor and industries. The department's order was thereafter reversed by the board of industrial insurance appeals, and the claim was ordered remanded with direction to place claimant on the pension roll. The employer, Kaiser Aluminum & Chemical Corporation, appealed to the superior court. After a trial to the court without a jury, judgment was entered reversing the order of the board of industrial appeals. Claimant appeals.

The critical question of fact which was before the department, board, and trial court, was whether there existed a causal connection between the industrial injury and the workman's death. The decedent had been struck on the right thigh by a thirty-five-pound piece of galvanized pipe, on March 27, 1951. The blow was not severe and did not cut the thigh. Decedent continued at his work, but there subsequently developed a swelling of the thigh at the point where he was struck, accompanied by pain and soreness.

On May 12, 1951, decedent went to Dr. David M. Gaiser for an examination. X-ray photographs then taken disclosed a tumor in the right thigh and a cancerous condition present in both lungs. On May 17, 1951, Dr. Gaiser performed an exploratory operation upon the thigh. The tumor tissues were examined and found to be malignant. On August 1, 1951, decedent returned to work and continued thereat until October 13, 1951. He died on December 13, 1951, death being caused by a cancerous condition of the lungs.

The only medical testimony was that submitted by Dr. Gaiser. On the question of whether there was a causal connection between the blow on the thigh and the cancerous condition, he wrote to the department, under date of April 15, 1952, in part as follows:

"I am unable to state that this lesion was caused by the injury incurred. However, I most certainly cannot state that the injury had nothing to do with it since the onset was

apparently in the exact area where he suffered his injury, and the type of malignancy which he developed is known on occasion to arise at the site of previous injury. I do not believe that any conscientious doctor could make a more positive statement than I have given you."

In testifying before the board on October 24, 1952, however, Dr. Gaiser sought to connect up the cause of death with the claimed injury. In so doing, he proceeded upon the primary premise that the injury had occurred three or four months prior to the examination of May 12, 1951, indicating that this represented a proper interval of time for development of the condition found. In fact, however, the claimed injury had occurred only forty-six days prior to the examination on May 12, 1951.

The trial court found the facts to be as summarized above. Because of the inconsistency between Dr. Gaiser's letter of April 15, 1952, and his testimony of October 24th, and in view of the error in time interval upon which his testimony was based, and because "it is a fact universally recognized that the cause of cancer is unknown," the trial court further found that claimant had failed to prove a causal connection between the injury and decedent's death. The court specifically found that there was no testimony that either or both of the thigh and lung malignancies did not exist on the date of the claimed injury.

The first seven assignments of error are directed against seven numbered findings of fact. Appellant's principal argument on this appeal is that these findings are contrary to the clear preponderance of the evidence.

The questioned findings of fact are not set out verbatim in appellant's brief, as required by Rule on Appeal 43; 34A Wn. (2d) (Sup.) 3, effective January 2, 1953. These assignments of error therefore cannot be considered, and the findings of fact will be regarded as the established facts in the case. *Paulson v. Higgins, ante* p. 81, 260 P. (2d) 318.

The only question presented by the remaining assignments of error is whether the findings of fact support the judgment. In this connection appellant relies upon the statute (RCW 51.52.115 [*cf.* Laws of 1951, chapter 225, § 15,

p. 225]) which provides that, in all court proceedings of this nature, the findings and decision of the board shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same.

Appellant asserts that, since the only evidence produced in this case was that submitted by appellant, it must be held that respondent did not maintain the burden of proving that the findings and decision of the board were incorrect.

■ One sustains the burden of proving that a decision of the board is erroneous when one demonstrates that there is not sufficient evidence to support it. *Merritt v. Department of Labor & Industries*, 41 Wn. (2d) 633, 251 P. (2d) 158. It is immaterial whether the testimony upon the basis of which such demonstration is made is submitted by witnesses produced by the party having such burden of proof, or by the other party to the proceeding.

■ Here the trial court, on the basis of testimony provided by appellant, found that (1) the decedent died of a cancerous condition of the lungs; (2) the cause of the condition is unknown; and (3) appellant failed to show that the death from cancer of the lung was the result of the claimed industrial injury. These findings demonstrate that there is not sufficient evidence to support the board's decision. Therefore, under the rule of the *Merritt* case, respondent sustained the burden of proving that the board's decision was erroneous.

The judgment is affirmed.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

———

November 25, 1953. Petition for rehearing denied.