[No. 32477.   Department Two.   December 31, 1953.]

WILMA SQUIRES, *Respondent,* v. WILLIE MCLAUGHLIN *et al.,*
*Appellants.*[1]

[1]Reported in 265 P. (2d) 265.

*Joseph D. Holmes,* for appellants.

*Goodwin & Hicks,* for respondent.

HAMLEY, J.—Wilma Squires brought this action to recover damages for personal injuries sustained when she was knocked down by an automobile in a private driveway. Willie McLaughlin, who owned the automobile, and his brother, Sidney McLaughlin, who was driving it, were named defendants. Willie was out of town on the day in question, and took no part in the events to be related.

The case was tried to the court without a jury. Judgment was entered against Sidney McLaughlin in the sum of $2,405.60. Both brothers appealed, but Sidney will be referred to as if he were the only appellant.

The accident occurred on March 27, 1952. About one o'clock a. m. on that day, appellant met respondent in a night club. They were together for the remainder of the night and throughout the next day. They spent their time at the night club, respondent's apartment, a tavern, and

the home of friends, at each place consuming intoxicating liquor.

In the forenoon they drove to the home of friends, where a birthday party was in progress. Sometime later, respondent gave appellant twenty dollars and asked him to buy a bottle of whiskey for the party and a bottle of vodka for another woman who was attending the party. Appellant did this, and gave respondent the bottle of whiskey. However, he left the bottle of vodka in the car, and failed to give respondent the ten dollars change after making the purchase.

About six o'clock p. m., respondent desired to leave the party and go to her home, but appellant indicated that he desired to stay. Respondent therefore left with a woman companion in the latter's automobile. Just as they were driving away, respondent was reminded of the vodka and change which appellant had failed to give her. The car in which she was riding was therefore stopped, and she proceeded to appellant's car.

In the meantime, appellant had left the party and had entered his automobile, which was parked in the driveway of the residence. It was a level graveled driveway, and the rear end of the car was towards the street. Appellant's car was a four-door Buick sedan. The hinges on the front doors are so located that these doors open towards the front end of the car.

Upon entering his car, appellant took the driver's seat, started the motor, depressed the clutch, and put the gearshift in reverse, preparatory to backing out of the driveway. At this moment, and while appellant had the gears disengaged by holding down the clutch pedal with his foot, respondent approached.

The car was then stationary, and appellant did not notice that the motor was running. She knocked on the window on the right side of the car, but as the glass was rolled up she did not say anything. Respondent then opened the right front door of the car, and at the same time told appellant that she wanted her vodka. Appellant testified that

he did not recall whether he heard her knock on the window or whether he had any warning of respondent's presence before she opened the car door. Appellant did see her open the door, and heard her say something to him. The car was then still stationary. Immediately after making this remark, respondent reached for and obtained the bottle of vodka, which was on the floor by the right front seat.

Appellant said nothing to respondent in answer to her remark, but made an unsuccessful lunge for the bottle of vodka. In doing so, he allowed his foot to slip from the clutch pedal, thereby causing the reverse gear to engage and the automobile to move backward. As the vehicle started back, the right front door, which was open, struck respondent, knocking her down and fracturing her left ankle.

After the car had moved ten or fifteen feet, the motor stopped and the car came to rest. Appellant then got out and asked respondent if she was hurt. She informed him that she believed her leg was broken. Just then respondent's woman companion came up to render aid. Appellant then got in his car and drove away, taking with him the bottle of vodka and respondent's change. It was daylight at the time of the accident, and each of the parties testified that he or she was not then under the influence of intoxicating liquor.

The facts set out above accord with the trial court's findings, though they are recited in somewhat more detail. Based upon these facts, the trial court further found and concluded that the proximate cause of respondent's injuries was the negligence of appellant in backing his automobile without keeping a proper lookout for respondent, and in allowing his foot to slip from the clutch while the vehicle was in reverse gear.

■ Several of the assignments of error challenge findings of fact as to the details of the accident. With respect to some of these assignments, the brief does not comply with Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953, requiring the questioned findings of fact to be set out verbatim in appellant's brief. Assignments

affected by this deficiency in the brief cannot be considered. *Kaiser Aluminum & Chemical Corp. v. Department of Labor & Industries,* 42 Wn. (2d) 584, 262 P. (2d) 536.

We have examined the record relative to the remaining assignments of error directed to findings of fact. One of the findings so challenged is to the effect that neither party was under the influence of intoxicants. Another has to do with appellant's knowledge of respondent's presence before she opened the door of the car. In our opinion, the evidence does not clearly preponderate against these findings.

The remaining finding of fact which is properly assigned as error recites that respondent was injured "due to the negligence" of appellant. This finding relates both to the question of appellant's negligence and whether such negligence, if any, was a proximate cause of the injuries.

As to the question of proximate cause, appellant argues that, under the evidence, the conduct of respondent in approaching the car, opening its door, and reaching in for the bottle, all in the manner indicated, was the sole proximate cause of this accident. He reasons that these acts set in motion a chain of events "causing the instinctive action of the defendant to reach over when he saw the plaintiff reaching in, to protect his interests."

Proximate cause has been defined by this court as that cause which, in a natural and continuous sequence, unbroken by any new, independent cause, produces the event, and without which that event would not have occurred. *Eckerson v. Ford's Prairie School Dist.,* 3 Wn. (2d) 475, 101 P. (2d) 345.

This accident would not have happened had not respondent approached the car, opened the door, and reached in for the bottle. It is not true, however, that the accident occurred as a natural and continuous sequence of these actions by respondent, unbroken by any new, independent cause. The accident would not have occurred had not appellant, after or during the time respondent was doing these things, made a lunge for the bottle and permitted his foot to slip from the clutch pedal.

There was nothing "instinctive" about appellant's lunge for the bottle, if by that it is meant that there was an involuntary, spontaneous, or automatic reaction which should have been foreseen by respondent. Before appellant made this lunge, he knew that it was respondent who had opened the door. He knew that what she wanted was the bottle of vodka. He knew that the bottle did not belong to him. There was a vague reference in appellant's testimony to some bet involving this bottle. However, there was no substantial evidence to indicate that the bottle was rightfully his, or that respondent had notice that appellant claimed it.

We conclude that appellant's actions, as described above, were a proximate cause of this accident, and that the court did not err in so finding.

The next question which is presented is whether the trial court should have found and concluded, on the facts of this case, that appellant was negligent in permitting the vehicle to back up and strike respondent.

Under this heading, it is first argued that, when respondent opened the door of the car and reached for the vodka, appellant was confronted with a "sudden emergency," and that he is therefore not chargeable with the same degree of care to which he would otherwise be held. In this connection, appellant cites *Hook v. Kirby,* 175 Wash. 352, 27 P. (2d) 567, and *White v. Fenner,* 16 Wn. (2d) 226, 133 P. (2d) 270, which set out our so-called "sudden emergency" rule.

It is sufficient to say that we do not believe that the need of precipitate action, for the purpose of retaining a bottle of vodka which belongs to someone else, is the kind of emergency contemplated by the rule in question.

One is negligent if he unintentionally breaches a legal duty which he owes to another. *McLeod v. Grant County School Dist.,* 42 Wn. (2d) 316, 255 P. (2d) 360. The duty which one person owes to another depends in part on the relationship existing between them. *Chilberg v. Standard Furniture Co.,* 63 Wash. 414, 115 Pac. 837;

*Theriault v. Pierce,* 307 Mass. 532, 30 N. E. (2d) 682. Appellant contends that respondent was a trespasser at the time of the accident, and that appellant therefore owed her a lesser duty of care than would otherwise have been the case.

It is to be observed that appellant's present claim that respondent was a trespasser is wholly inconsistent with the position he took in his answer to the complaint. One of the affirmative defenses which he there advanced was based upon the allegation that respondent was a guest of appellant at the time of the accident.

In our view, respondent was not an invited guest at the time of the accident. She was not an invited guest because the original gratuitous undertaking had come to an end when the two arrived at the home where the birthday party was in progress. *Fone v. Elloian,* 297 Mass. 139, 7 N. E. (2d) 737; *Marsh v. Hogeboom,* 167 Kan. 349, 205 P. (2d) 1190; *Brown v. Arnold,* 303 Mich. 616, 6 N. W. (2d) 914. Nor do we believe that she was a trespasser when she opened the door of appellant's car. The parties had been on friendly terms for the entire day, during which they had made use of the car. Respondent could properly assume that she had his consent to open the door of the car for the purpose of requesting and obtaining her change and the vodka, for which she had paid. So far as the record reveals, appellant's adverse claim to the bottle was manifested for the first time when he sought to prevent her from taking it from the car.

The relationship between these parties differed from that of driver and pedestrian, and was, perhaps, somewhat analogous to that of licensor and licensee. But, though in fixing the measure of legal duty it is convenient to identify a particular relationship with one of the common-law labels, such as licensee or permittee, it is not always practicable to do so. Nor is this in all cases essential to a correct appraisal of correlative duties and rights. The unusual circumstances of this case present a situation where such a label cannot be adopted with assurance, and where it seems

just as well to let the facts regarding such relationship speak for themselves.

The facts are that appellant was aware of respondent's identity and *bona fide* purpose in opening the door of his car, at a time when that vehicle was stationary and under his control. Were his legal duty then no more than to refrain from inflicting wilful and wanton injury, it would have required him, *since he was aware of the peril,* to exercise ordinary care to prevent the impending injury. *Price v. Gabel,* 162 Wash. 275, 298 Pac. 444. See also, *Oettinger v. Stewart,* 24 Cal. (2d) 133, 148 P. (2d) 19, 156 A. L. R. 1221; *Bremer v. Lake Erie & W. R. Co.,* 318 Ill. 11, 148 N. E. 862, 41 A. L. R. 1345; Prosser on Torts, 614, § 77.

This he failed to do, as the trial court found. In our view, a reasonably prudent person, under these circumstances, would have turned off the motor, applied the hand brake, or put the gear into neutral before doing anything which might result in release of the depressed clutch pedal. Appellant did none of these things, but acted without apparent regard for respondent's safety. His attitude in this regard was confirmed by his later action in getting out of the car, picking up the bottle and driving off, after being told that respondent had probably broken her leg.

The trial court did not err in finding that appellant was negligent.

Finally, appellant argues that the trial court erred in failing to find and conclude that respondent was contributorily negligent. There was no specific finding or conclusion one way or the other as to this. However, a finding and conclusion that appellant was not contributorily negligent is implicit in the findings of fact and conclusions of law on the basis of which judgment was entered for respondent.

This accident occurred in broad daylight. The car was stationary as respondent approached. She did not hear the motor. She knocked on a window of the car and then opened the door. This conduct on the part of respondent did not startle appellant and cause his foot to slip from the clutch pedal. Had respondent done nothing more, appellant would

not have made his lunge and the accident would not have happened. Hence, if respondent was contributorily negligent, it was not because she opened the door without ascertaining that the motor was running. It must have been because of something she did after opening the door.

What she did after that was to tell appellant that she wanted her bottle of vodka, and then to reach in and obtain it. The vehicle was still stationary. There is nothing in the record to indicate that she should have anticipated resistance on appellant's part. Assuming that respondent then knew that the motor was running (and the record does not so indicate), she did not know that the car was in reverse gear and the clutch pedal was depressed. Even had she known this, or assuming that she is chargeable with knowing it, she had no reason to believe that, upon her reaching for the bottle, appellant would react in the negligent manner which has been described.

The burden of proving contributory negligence was upon appellant. We agree with the trial court that appellant did not sustain this burden of proof.

The judgment is affirmed.

GRADY, C. J., DONWORTH, and FINLEY, JJ., concur.

SCHWELLENBACH, J. (dissenting)—I agree with the majority that appellant was guilty of negligence and that he was not acting under a "sudden emergency." However, I am of the opinion that respondent was guilty of contributory negligence.

Although it cannot be said that the bottle of vodka was the proximate cause of the accident, there is no question but that it caused the accident. These people had been on a drinking party which started at a night club at one o'clock a. m. and apparently continued, without cessation, at respondent's apartment, a tavern, and the home of friends. For some reason not shown in the record, late in the afternoon they decided to part company. Appellant got into his car, which was in the driveway, started the motor, depressed the clutch, and put the gear shift in reverse. Respondent decided to leave with a woman companion in

another car. Just as she was ready to leave, she remembered the bottle of vodka. Deciding to obtain what rightfully belonged to her, she got out of her companion's car, walked over to appellant's car, knocked on the window, and opened the door, and reached for and obtained the bottle of vodka. Upon seeing this, appellant instinctively lunged for the bottle himself, and the car started to back up. Both parties were intent upon one thing—the possession of the bottle of vodka. The proximate cause of the accident and respondent's resultant injuries was the action of respondent in opening the door and reaching for the bottle, coupled with the lunge which appellant made. The negligence of both parties contributed to the accident.

January 28, 1954. Petition for rehearing denied.

*Dale W. Read*, for respondent.

[1]Reported in 265 P. (2d) 280.