[No. 32763. *En Banc.* July 2, 1954.]

UNION ELECTRIC & PLUMBING SUPPLY, INC., *Respondent*, v.
UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES
OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE
UNITED STATES AND CANADA, LOCAL UNION 32,
*et al., Appellants.*[1]

*Lee L. Newman* and *Newman & Newman*, for appellants.

*Daniel C. Blom*, for respondent.

OLSON, J.—This is an appeal by defendants from a decree restraining them from picketing the business or operations of plaintiff.

The issues before us are narrowed by plaintiff's argument that the findings of fact made by the trial court are now the established facts of the case. This contention must be sustained because none of the findings is set forth in de-

[1]Reported in 272 P. (2d) 144.

fendants' brief, in accordance with Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953. *Paulson v. Higgins*, 43 Wn. (2d) 81, 83, 260 P. (2d) 318 (1953); *Kaiser Aluminum & Chemical Corp. v. Department of Labor & Industries*, 43 Wn. (2d) 584, 586, 262 P. (2d) 536 (1953), and cases cited in those decisions. Under these cases, we cannot consider such deficient assignments of error. Our only question is whether or not the findings support the conclusions of law and decree.

They state, in substance, that plaintiff is a corporation engaged in the business of general plumbing contracting, and that one Edgar W. Cheever is the president of that corporation; that, in May, 1952, he purchased all of its stock and withdrew and terminated his membership in defendant union and has not been a member of that union since that date; that, since Cheever's withdrawal from the union, plaintiff corporation has not employed any persons who are or were members of defendant union; that the union has no contract with plaintiff, and has not been authorized to represent any of its employees or to bargain for them in any regard.

The court further found that, early in March, 1953, defendants caused two operations of plaintiff to be picketed; that the picketing followed upon threats made by defendants that it would be done unless the owners of the buildings picketed ceased doing business with plaintiff; that the picketing was for the purpose of forcing plaintiff, against its will, to deal exclusively with defendant union and to discharge any worker who did not join that union; that a further purpose of the picketing was to destroy plaintiff's business, unless it acceded to the demands of the union, and that the picketing caused and, if continued, will cause plaintiff irreparable injury and damage.

Upon these findings, the court concluded that no labor dispute existed between plaintiff and defendant union, and that plaintiff was entitled to a permanent injunction restraining the picketing or any other interference with its business by defendants.

██ The controlling fact established by the findings is that, when plaintiff's business or operations were picketed, it had no employees who were members of the picketing union. Consequently, there was no labor dispute within the purview of the 1933 labor disputes act, RCW 49.32.010, 49-32.040 [cf. Rem. Rev. Stat. (Sup.), §§ 7612-13, 7612-1]. *Gazzam v. Building Service Employees International Union, Local 262,* 29 Wn. (2d) 488, 497, 188 P. (2d) 97 (1947), affirmed by the United States supreme court in *Building Service Employees International Union, Local 262, v. Gazzam,* 339 U. S. 532, 94 L. Ed. 1045, 70 S. Ct. 784. Also, *Morris v. Local Union No. 494 of Amalgamated Meat Cutters & Butcher Workmen of Spokane,* 39 Wn. (2d) 33, 36, 234 P. (2d) 543 (1951), citing cases subsequent to the *Gazzam* cases.

██ By further reference to the findings, it is established in fact that the purpose of the picketing by defendants was coercive (unlawful) and not persuasive (lawful). Its compulsion was contrary to that permitted by the public policy of the state of Washington, declared in another section of the cited act. RCW 49.32.020 [cf. Rem. Rev. Stat. (Sup.), § 7612-2]. *Gazzam v. Building Service Employees International Union, Local 262, supra,* p. 496 *et seq.; Ostroff v. Laundry & Dye Works Drivers' Local No. 566,* 37 Wn. (2d) 595, 605, 225 P. (2d) 419 (1950), 39 Wn. (2d) 693, 694, 237 P. (2d) 784 (1951); *Morris v. Local Union No. 494 of Amalgamated Meat Cutters & Butcher Workmen of Spokane, supra,* p. 37 *et seq.,* and cases cited in those decisions. Upon such facts, plaintiff was entitled to the injunction granted by the trial court.

Defendants contend that they were not permitted to establish that the corporation of plaintiff was but the "alter ego" of its president, Cheever, and used by him to avoid the rules and regulations of defendant union. This assignment of error is without merit. Cheever's ownership of the corporation and connection with it were explored fully and completely at the trial, and we find no erroneous limitation of defendants' proof in this regard.

The decree is affirmed.

GRADY, C. J., MALLERY, SCHWELLENBACH, HAMLEY, DON-WORTH, and WEAVER, JJ., concur.

FINLEY, J. (concurring in the result)—Because the views I expressed in *Morris v. Local Union No. 494 of Amalgamated Meat Cutters & Butcher Workmen of Spokane*, 39 Wn. (2d) 33, 234 P. (2d) 543, were not acceptable to the majority, and because the rule of *Gazzam v. Building Service Employees International Union, Local 262*, 29 Wn. (2d) 488, 188 P. (2d) 97, should be regarded as the law of this state until changed by a majority of the court, I feel constrained to concur in the result reached by the majority.

HILL, J., did not participate.