HOBSON, Judge.
Plaintiff-appellant, Angeline Ahrens, filed suit in the trial court seeking damages for the death of -her husband as a result of being, struck by a motor vehicle driven in a negligent manner by co-defendant, Charles Ray Hayworth. The City of St Petersburg, Florida, a municipal corporation, was made a co-defendant. The amended complaint alleged that, decedent’s .death was proximately .caused by- the concurrent and combined negligence of the co-defendants. .
More specifically, as to co-defendant City of St. Petersburg,’, plaintiff alleged in paragraph 4, inter, alia:'
“The" defendant, City of St. Petersburg, at the time and place alleged, had carelessly and negligently parked heavy equipment, including trucks and wagons, in the center .of Ninth St.reet, South, one of .the main arteries .of traffic. ,in. the - City of $t. Petersburg, Florida, without, placing adjacent ..thereto, warning lights and flares as required by City Ordinance. Said heavy- equipment- was parked in such *164 a manner as to obstruct the view of plaintiff, and of defendant, Charles Ray Hayworth. The defendant, City of St. Petersburg, was further negligent in that although it placed at the south end of the obstructions in the roadway a sign reading : ‘Repair Ahead 15 MPH’, it failed to place a sign at the north end of the obstructions ordering motorists to reduce speed to 15 MPH.”
Thereafter co-defendant City of St. Petersburg filed its motion to dismiss the amended complaint on the grounds (1) that the complaint failed to state a cause of action against the city; and (2) that the alleged unlawful lighting, unlawful or negligent signing, and the alleged negligent blocking of view could not have been a proximate cause of the accident.
The trial court after hearing arguments of counsel dismissed the complaint with prejudice as to the City of St. Petersburg. Plaintiff appeals. Co-defendant Charles Hayworth is not a party to this appeal.
In testing a complaint on a motion to dismiss, all facts properly plead are deemed to be admitted and true. Fletcher v. Williams, Fla.App.1963, 153 So.2d 759.
A defendant may be held liable for an accident caused by an obstruction in the roadway, even though there is no actual physical contact with the obstruction, and when the actual collision involves the plaintiff and a third party. Rodi v. Florida Greyhound Lines, Fla.1953, 62 So.2d 355, Gies v. Consolidated Freight-Ways, Inc., 40 Wash.2d 488, 244 P.2d 248, Thompson v. Erisman, Tex.Civ.App., 1942, 157 S.W.2d 439, affirmed 140 Tex. 361, 167 S.W.2d 731.
A violation of a municipal ordinance is prima facie evidence of negligence. 3 Fla.Jur., Automobiles 94. See also, Booth v. Mary Carter Paint Company, Fla.App. 1966, 182 So.2d 292, and Michalski v. Peaslee, Fla.App.1965, 174 So.2d 427. The question of whether the plaintiff can prove her allegation of a violation of the City ordinance or whether the defendant City of St. Petersburg can overcome the prima facie evidence of negligence made out by plaintiff’s amended complaint is not the question presently before the court.
We, therefore, hold that the amended complaint alleges negligence against the appellee for failure to comply with the ap-pellee’s own ordinance which required the placing of warning lights.
In addition the appellant alleges that the heavy equipment was so parked by appellee City as to obstruct the view of the decedent as well as of the co-defendant, Hayworth.
Further, the appellant alleges that this negligence of the appellee, to-wit: parking the equipment so as to obstruct the vision of pedestrians and motorists without giving warning of such parking of equipment as required by ordinance, concurred and combined with the negligence of the co-defendant, Hayworth, thereby proximately resulting in the death of appellant’s husband.
“Whenever, under the facts sufficiently alleged, actionable negligence is shown by competent evidence, the question of defendant’s negligence as alleged, and of the injury proximately resulting therefrom to the plaintiff or to those represented by the plaintiff, should be properly submitted to the jury with appropriate instructions from the court as to the law applicable to the facts as proven and circumstances rightly in evidence.” 18 Fla. Law and Practice, Negligence, § 38. See also, Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433, L.R.A.1916C, 1208 (1913); Tampa Shipbuilding, etc., Corp. v. Adams, 132 Fla. 419, 181 So. 403, 404, 893 (1938); German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740 (1908).
It has long been the general rule of law that proximate cause, like negligence and contributory negligence, is ordinarily a jury question.
*165 At this stage of the proceedings we cannot say as a matter of law the alleged negligence of the appellee was not a contributing proximate cause of the death of appellant’s husband. It might well be that after all facts are established this question can be resolved as a matter of law.
This amended complaint could certainly have been more artfully drawn. However, under our modern rules of pleading we must hold that it meets the bare minimum requirements.
For the reasons given, the order dismissing the complaint with prejudice is reversed and the cause remanded for further proceedings.
ALLEN, C. J., and PATTON, ROBERT W., Associate Judge, concur.